THE TOWN OF LONDONDERRY v. JERRY ARNOLD.

*Obstruction and enclosure of highways. Limitations.*

It is not necessary that an action on the case for the obstruction or enclosure of a highway, brought under the 44th sec. of chap. 23, of the compiled statutes,* should be brought within six months after the *first* penalty is

---

* Which provides that "if any person shall enclose any part of the highway, in any town, or shall erect any fence, building, or other encroachment, or make any obstruction, or put any nuisance on any highway, or shall continue any such enclosure, fence, building, encroachment or nuisance, on any highway, the selectmen of such town may, by their order, require such person to

incurred. The statute points to a continuing offence, and only prohibits the recovery of a greater number of penalties than those which have accrued within the six months immediately preceding the commencement of the action.

This was an action on the case brought to recover penalties for obstructing a highway in the town of Londonderry, and founded upon section 44, of chapter 23, of the compiled statutes.

The defendant pleaded the general issue, and also a special plea in bar, to the latter of which the plaintiff demurred generally.

The material portions of the declaration, and the special plea, are sufficiently set forth in the opinion of the court.

The county court, at the September Term, 1856,—UNDER-WOOD, J., presiding,— overruled the demurrer, adjudged the special plea in bar sufficient, and rendered judgment for the defendant, to which the plaintiff excepted.

*Stoughton & Grant,* for the plaintiff.

*Butler & Knowlton,* for the defendant.

The opinion of the court was delivered by

ALDIS, J. The declaration alleges that the defendant, on the 8th of June, 1854, built a fence so as to enclose a portion of the highway; that the selectmen of Londonderry, acting under the 44th section of chapter 23, of the compiled statutes, on the 21st day of June, 1854, required the defendant to remove such fence on or before the 1st day of November, 1854; that the defendant did not remove it, but permitted it to remain from the 21st of June, 1854, to the date of the writ (July 2d. 1855), " whereby the defendant has forfeited to the treasurer of Londonderry, the sum of five dollars penalty for each and every thirty days that the defendant has neglected to comply with said order since the 1st

remove such fence, building, encroachment or nuisance, within such convenient time as they shall think reasonable, not exceeding six months, and give notice of such order to the person offending; and if such fence, building, etc., shall not be removed within the time limited, the person offending shall forfeit and pay to the treasurer of the town a penalty of five dollars for every thirty days he shall neglect to comply with such order of the selectmen, to be appropriated to repairing highways in such town, to be recovered in an action on the case, in the name of such town, with costs; which action shall be commenced within six months from the time said penalty may be incurred, and not after."

Town of Londonderry *v.* Arnold.

day of November, 1854, being in all the sum of thirty dollars; to recover which this suit is brought."

The defendant has filed a special plea in bar, which sets forth " that the town did not bring their said action against the defendant within six months next after the expiration of the first thirty days from the said 1st day of November, 1854." To this special plea the plaintiff demurs.

The statute says " if such fence shall not be removed within the time limited, the person offending, shall forfeit and pay to the treasurer of the town, a penalty of five dollars *for every thirty days* he or she shall neglect to comply with such order of the selectmen, to be recovered in an action on the case, in the name of such town ; which action shall be commenced within six months from the time said penalty may be incurred, and not after."

. To sustain the plea, it is necessary to construe the statute so that its words, " said action shall be commenced within six months from the time said penalty may be incurred," shall mean and be equivalent to this: " said action shall be commenced within six months from the time the *first* penalty shall be incurred;" thus prohibiting a suit for any penalty, after six months, and practically enacting that after a party has incurred six penalties, he shall incur no more, though he continue the offence.

The plain import and ordinary meaning of the language used in this statute, and the obvious intent of the law, seem to us to be clear and free from doubt. " The person offending, shall forfeit five dollars *for every thirty days* he shall neglect to comply with such order of the selectmen." This is very plain language ; it admits of only one construction. It points to a *continuing* offence. For the first thirty days of such neglect, there is a penalty of five dollars ; for the next thirty days of such neglect, another penalty of five dollars ; and so on, for *every* thirty days he shall so neglect, a penalty of five dollars. Each month of the continuance of the encroachment on the highway; creates a new penalty. The intent of the statute is to procure the prompt removal of the encroachment or obstruction and to prevent delay, by making the lapse of time increase the burdens and liabilities of the delinquent. But the statute does not say, and obviously did not intend to say, that the person so offending should not be liable to any penalty for a

Town of Londonderry v. Arnold.

continuance of the offence, after six months from the first commission of it.    Such a construction would seem to hold out encouragement to persevere in wrong doing.

If the action must be brought within six months after the *first* penalty accrues, and can not be brought after, then no penalty arising after the end of the six months can be sued for ; and the absurd result follows, that after a party incurs *six* penalties, he may continue to commit the same offence with impunity, and unless he is instantly sued, he will not only escape from prosecution for the first penalty, but also for all the others, however recent.

The object of the act, as well as its letter, are opposed to such a construction.

But it is very plain, that to allow such penalties to accumulate for a long period of time, and then to enforce them, might become an instrument of oppression, and work great wrong to the person charged with the offence ; while on the part of the town, it would tend to produce delay and negligence.    In continuing offences of this kind, an accumulation of penalties for the period of two years (the time limited by the general law for bringing such penal actions), may well have been deemed the establishment of a punishment disproportionate to the character of the offence.

The prompt prosecution and recovery of a smaller sum, would be more likely to secure the ends of remedial legislation ; while it would protect the citizen against the chance of punishments heavier and more oppressive than the nature of the offence would seem to require.

The statute is intended to prohibit the recovery of penalties that have been allowed to rest without prosecution for six months.

In this case, this plea, if pleaded only to the penalties that accrued more than six months before the date of the writ, would have been a good bar.    But as it is pleaded as well to those incurred within six months of the date of the writ, as to those incurred earlier, we must hold the plea insufficient.

The judgment of the county court is therefore reversed, and the case remanded for a new trial.