PRAN WELLS AND WIFE *vs.* EDWIN W. COOPER.

New Haven Co., June T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Gen. Statutes, § 3013, provides that if a mortgagee shall neglect to file a certificate of foreclosure in the town clerk's office for one month after the title becomes absolute, "he shall forfeit five dollars to him who shall sue therefor for every month of such neglect;" and § 1379 provides that no suit for any forfeiture upon any penal statute shall be brought but within one year after the commission of the offense. A mortgagee neglected to file such a certificate for sixty-six months, and suit was brought for the penalty four months after it was filed. Held—

1. That the filing of the certificate before suit was brought was not a bar to the action.

2. That each month's neglect was a complete offense in itself.

3. That all that were more than a year old when the suit was brought were barred by the limitation.

4. That all for which a recovery could be had could be included in one count in a complaint.

The defendant, after the foreclosure had become absolute, agreed with the mortgagor that he might remain in possession and on certain conditions have the title re-conveyed to him; he failed however to fulfil the conditions and the defendant had thereupon filed the certificate. Held that evidence of this fact was inadmissible on the part of the defendant as irrelevant, the title having become vested in him, and the agreement not in any way affecting the necessity for the filing of the certificate.

The complaint alleged the sixty-six forfeitures and claimed $330 damages, but by the pleading of the limitation the amount that could be recovered was reduced to $40. Held that the court could not see, as matter of law, that the amount that could be recovered was only $40, as the defendant might not have pleaded the limitation. The plaintiffs had a right to demand as large a sum as the possibilities of recovery required.

If the defendant would take the benefit of a statute of limitations he must plead it.

The plaintiffs were husband and wife. Held that, as neither had any interest before the suit was brought, and the statute gives the penalty to any person suing for it, they could join in bringing the suit as well as if they were not husband and wife.

And by Gen. Statutes, § 987, in any suit brought by a married woman her husband may join.

[Argued June 19th—decided September 28th, 1888.]

ACTION to recover a large number of forfeitures for the neglect of the defendant to file a certificate of foreclosure under General Statutes, §§ 3012 and 3013; brought to the City Court of the city of New Haven, and heard before *Pickett, J.* Facts found and judgment rendered for the plaintiffs. The defendant appealed; the plaintiffs also appealed on the ground that the judgment should have been for a larger sum. The case is fully stated in the opinion.

*J. Sheldon,* for the plaintiffs.

*H. L. Hotchkiss,* for the defendant.

LOOMIS, J. This is an action to recover the forfeiture provided in section 4, page 358, of the General Statutes of 1875, now constituting section 3013 of the General Statutes of 1888. The statute is as follows:—" If such person " (the mortgagee in a foreclosure suit) " shall neglect to make

and lodge such certificate for one month after such title shall become absolute, he shall forfeit five dollars to him who shall sue therefor, for every month of such neglect."

It seems from the finding that the title to the mortgaged premises became absolute in the mortgagee pursuant to the decree of foreclosure on the first Monday of July, 1881, which was the fourth day, and that the required certificate was not filed until the seventh day of February, 1887. This suit was commenced by writ issued June seventh, but served on the eighth day of June, 1887. Upon the trial the plaintiffs claimed that the neglect on the part of the defendant was one continuous offense of sixty-six months duration, commencing at the end of the first month after the mortgage title became absolute and ending when the certificate was finally filed. The defendant pleaded the statute of limitations against so much of the claimed forfeitures as had not accrued within one year, and that the certificate, when filed before suit commenced, was a complete bar to the suit; and further claimed that if the action was not so barred, the right of recovery was limited to one forfeiture of five dollars. Some other points of defense were made which we may refer to in the course of the discussion, but the above embraces the main contention in the case. The court did not accept the claims of either party in full, but rendered judgment for the plaintiffs to recover the amount of forfeitures incurred within one year before the commencement of the suit, and before the time when the certificate was filed, namely, for the sum of forty dollars, less a certain sum pleaded and allowed as a set-off. Both parties have appealed from the judgment, the plaintiffs because the court did not allow them the entire forfeiture of five dollars a month for the whole time, and the defendant appealed from the denial of each of the claims made by him upon the trial.

To determine whether or not the ruling of the court was correct we must first ascertain the proper application of the statute of limitations, which provides that "no suit for any forfeiture upon any penal statute shall be brought but

within one year after the commission of the offense." Gen. Statutes, § 1379.

In order to apply the statute we must of course determine when it begins to run; and to this end we must have a clear conception of what constitutes the complete offense, and when the statute regards it as committed.

The plaintiffs would take no notice of each month's neglect except for the single purpose of computing the amount. The argument is that the offense commenced when the neglect commenced and ended when the neglect ended. The idea logically applied would seem to render it impossible to make one liable for any continuous neglect till the neglect had ceased. That is, the offense against the law is not complete till the law has been finally complied with. So that perpetual disobedience to the law would confer perpetual exemption from its penalties. This absurd result the counsel for the plaintiffs would of course disclaim, but in order to do so successfully, in our judgment, they would have to admit that the offense may be complete by a mere neglect for the prescribed statutory period.

And in this connection we may remark that one of the corresponding claims and defenses in behalf of the defendant is equally unsound, namely, that the filing of the certificate before the action was commenced is a bar to any recovery ; that it atones for all past neglect and wipes out the accumulated penalties for the sixty-six months of continuous neglect. This proposition is sufficiently refuted by its mere statement.

Again, the plaintiffs support their position by the citation of several authorities that hold that where a statute imposes some specific duty and provides a forfeiture for each week, month or year of neglect, and suit is brought after a continuous neglect for a number of such prescribed periods of time, the whole aggregate of forfeitures may be recovered in one count, for the alleged reason that there is but one forfeiture measured by the lapse of time.

We do not doubt that this is now a well established rule, although opposed to the early cases in this state of *Chap-*

*man* v. *Chapman*, 1 Root, 52, and *Barber* v. *Eno*, 2 Root, 150, which held that only one penalty could be sued for and recovered at a time ; but the later case of *Barkhamsted* v. *Parsons*, 3 Conn., 1, in the principles which it approves seems to have put our laws in harmony with that of most other jurisdictions on this subject.

The argument derived from the authorities cited for the plaintiffs is founded upon the reason given, namely, that all may be included in one court because there is really but one forfeiture.   But the aggregated forfeitures may well be regarded as one, for the purpose of recovering them by one suit, when they could not be so regarded in applying the statute of limitations.   That this distinction is sound is demonstrated by the analogies of the law, which clearly show that the test suggested is not the true one to determine the question as to the statute of limitations.   For instance, in an action of book debt or general assumpsit for many independent items, as for goods sold and delivered at different times extending through more than six years, all the aggregated items become one claim for the purposes of recovery under one count, and yet they are separate and independent in contemplation of the statute of limitations, which, if pleaded, will cut off all the items more than six years old at the bringing of the suit.   Precisely so it is in the case at bar ; while we concede the right to recover all the separate forfeitures as one sum, yet we must regard the separate forfeiture for each month's neglect as standing by itself in contemplation of the statute, and as cut off by it where one year has elapsed before the bringing of the suit. In order to determine conclusively when the statute begins to run we have only to determine when a suit for the recovery of any forfeiture might be first brought.   There cannot be any doubt that a suit might be brought at the end of the first month's neglect, and repeated at the end of each subsequent month's neglect.   The purpose and efficiency of the statute would be entirely destroyed if this were otherwise.

This discussion shows that there is no error in the matter

of the plaintiffs' appeal, and the principal claims of the defendant are also shown to be unfounded. There remain however a few questions not within the scope of our previous discussion.

One is, whether the plaintiffs, being husband and wife, could join in the suit to recover the forfeiture.

This question is not to be determined by the technical rules of the common law, under which the rights of a married woman were restricted on every side and reduced to a minimum; but by the liberal rules established by this court under our liberal. statutes. Questions of misjoinder are ordinarily determined by previous interest in the subject matter of the suit and the relation of the parties to that interest. In this case however there was no previous interest of any kind and no property rights to be traced. The right to the forfeitures in question was conclusively determined by the bringing of the suit. The right is vested by law in those who prosecute the suit to final judgment. Of course this presupposes a capacity to take property and a capacity to sue. There is no disability of the wife under our present laws to take property of any kind, either alone or jointly with her husband. Both or either could be made assignees of any chose in action or property right. If a private party could vest in them such a right, the law surely cannot be less effective in any matter within its disposal. In this case it has unquestioned power of disposal, and in explicit terms it vests the right absolutely in the person or persons who bring the suit for its recovery. The criticism of counsel for the defendant that the right is vested only in " him " who shall sue, and therefore is confined to the masculine gender and singular number, deserves no answer at all, and if it did, the statute itself in section 1, disposes of it most effectually in the provision that " words importing the singular number may be extended and applied to several persons or things," and that " words importing the masculine gender may be applied to females."

The wife has not only full capacity to take the right jointly with her husband, but full capacity also to join with

him in the suit. Section 987 of the General Statutes is exceedingly broad and liberal and confers the right in terms:—
"In any civil action by or against a married woman her husband may be joined," etc. Where the interest is solely in the wife, there may be a joinder, and surely where there is a joint interest in the subject matter in both husband and wife, there is every reason for the joinder of both.

Another point of defense, being the fourth in the answer, was found by the court below true in its allegations of fact, but it was treated as unavailing in law. It consisted of an agreement, made after the decree of foreclosure had become absolute, between this defendant and Wm. H. Scott and wife, who were mortgagors and defendants in the foreclosure suit referred to in the complaint. It was stipulated in this agreement that the present defendant would allow Scott and wife to occupy the foreclosed premises for a certain consideration and would upon certain conditions mentioned release the legal title to them ; but they failed to fulfil the conditions, and the present defendant was at length compelled to file his certificate. It was neither alleged nor suggested that the present plaintiffs were in any way parties or privies to this agreement, but only that they knew of it before they instituted the present suit. And had they been parties, there was nothing in the agreement to require the withholding of the certificate, and nothing could be accomplished by such withholding, as the title had already vested in the defendant, and a deed from him to Scott and wife would have been necessary if the agreement had been complied with, and such deed was required by the terms of the agreement. It is manifest that this was entirely irrelevant and immaterial, and it might have been demurred to, but in the absence of any demurrer the court committed no error in treating it as irrelevant. Gould's Pleadings, chap. 10, §§ 38, 39.

The question whether the plaintiffs' appeal to this court was taken at the proper time has become unimportant for the purposes of this case, inasmuch as we have decided adversely to the plaintiffs upon the merits of the question

raised by that appeal. We therefore make no further reference to this point except to say that we do not wish this omission to furnish any ground for the inference that we regard the objection as well taken.

The only remaining question is, whether there was error in taxing as part of the plaintiffs' costs the indemnity fee of twenty-five dollars and ten dollars clerk's fees. The right to tax the former sum, under a public act passed in 1886, (Acts of 1886, ch. 55,) depended on the question whether the matter in demand was within the concurrent jurisdiction of a justice of the peace, and the right to tax the latter, under a special act passed in 1882, with regard to the City Court of New Haven, (Private Acts of 1882, p. 418,) depended on the question whether the matter in demand in the complaint exceeded two hundred dollars.

There was no error in these respects, because the complaint in the *ad damnum* clause demanded three hundred and thirty dollars, and the body of the declaration demanded the aggregate penalties for sixty-six months at five dollars per month, which would amount to that sum.

This is not a case, such as the defendant assumes it to be, where upon the face of the declaration the law would take notice that only forty dollars was recoverable. The plaintiffs would have recovered their whole demand if the statute of limitations had not been pleaded, and as matter of law it could not be known that it would be pleaded, so that they had the right to demand as large a sum as the possibilities of recovery required.

It has long been a well-settled principle in this state that if a defendant would take advantage of the statute he must plead it. 1 Swift's Digest, 304. And our Practice Act, instead of dispensing with the rule, positively requires its observance. Rules under the Practice Act, p. 16, section 6.

There is no error in the judgment complained of.

In this opinion the other judges concurred.