W. MARTIN JONES, Appellant, *v.* ROCHESTER GAS AND ELECTRIC COMPANY, Respondent.

1. ACTION TO RECOVER PENALTIES FOR FAILURE TO FURNISH GAS — ENTIRE CAUSE OF ACTION. Under the Transportation Corporations Law (L. 1890, ch. 566, § 65), requiring gas companies to supply any owner or occupant of a building with gas upon his compliance with prescribed requirements, but one action can be maintained to recover the penalties prescribed for a failure to supply gas, and a subsequent action to recover penalties alleged to have accrued during a continuance of the default, in the absence of a new application and a new default, is not maintainable.

2. GAS OBTAINED FROM TENANT, A CUSTOMER OF THE COMPANY, NOT SUPPLIED TO LANDLORD. The defendant in an action to recover a penalty for failure to supply plaintiff with gas is not relieved from liability by the fact that the latter obtained gas by an arrangement with one of his tenants who was a customer of the defendant, since under such circumstances the gas cannot be considered as having been supplied by the defendant.

*Jones* v. *Rochester Gas & El. Co.*, 45 App. Div. 629, reversed.

(Argued June 14, 1901; decided July 10, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered

January 19, 1900, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. Martin Jones*, appellant, in person. The court erred in granting defendant's motion dismissing the complaint of the plaintiff as to the second and third causes of action set out therein. (R. S. [9th ed.] 1356, § 65 ; *Meirs* v. *M. G. L. Co.*, 14 Wkly. Dig. 552.) The court erred in instructing the jury that the right of the plaintiff to recover for failure to supply gas at the apartment house of the plaintiff was limited to the penalties for the period between the 1st day of July and the 22d day of August, 1894. (*Meirs* v. *M. G. L. Co.*, 14 Wkly. Dig. 552.) Where a statute imposes a penalty or forfeiture for an act injurious to the rights of another, and the penalty is given to the party aggrieved, it is in the nature of a satisfaction for the wrong done. (*Palmer* v. *Conly*, 4 Den. 374 ; 2 N. Y. 182 ; *Jones* v. *R. G. E. Co.*, 7 App. Div. 465 ; *Sickles* v. *Sharp*, 13 Johns. 497 ; *U. S. T. Co.* v. *W. U. T. Co.*, 56 Barb. 46 ; *Fish* v. *Fisher*, 2 Johns. Cas. 89 ; *Warner* v. *H. R. R. R. Co.*, 5 How. Pr. 454 ; *Hart* v. *Cleis*, 8 Johns. 41 ; *Dibble* v. *Hathaway*, 11 Hun, 571 ; *People ex rel.* v. *Roosevelt*, 12 Misc. Rep. 622 ; *People ex rel.* v. *Gilon*, 76 Hun, 346.)

*Albert H. Harris* for respondent. The complaint did not state facts sufficient to constitute a cause of action except as to the apartment house. (*Law* v. *McDonald*, 62 How. Pr. 340 ; *Fisher* v. *N. Y. C. & H. R. R. R. Co.*, 46 N. Y. 644 ; *Sturgis* v. *Spofford*, 45 N. Y. 446 ; *C. R. R. of N. J.* v. *Green*, 86 Penn. St. 427 ; *Parks* v. *N., C. & St. L. R. R. Co.*, 13 Lea, 1.)

Cullen, J. The plaintiff brought this action to recover the penalties prescribed by section 65 of the Transportation Law, for the failure of the defendant to furnish him illuminating

gas.  The complaint states three causes of action.  The first
was for a failure to supply gas to an apartment house owned
by the plaintiff; the second, for failure to supply gas at the
plaintiff's residence, and the third, for a similar failure as to
the plaintiff's offices in the Granite Building in the city of
Rochester.  In the second cause of action it was alleged that
a proper application was made to the defendant company on
the 23rd of June, 1894, and that on the 17th day of December
in that year the plaintiff brought an action to recover the pen-
alty accruing under the statute up to the date of the action and
recovered judgment therein; that the defendant did not
restore the meter and commence to furnish gas until January
3rd, 1895, and the plaintiff sought to recover the statutory
penalty of five dollars a day for the period intervening from
the commencement of his first action and said 3rd day of
January, 1895.  In the third cause of action there was alleged
a like application to the defendant to supply gas and its failure
to comply therewith; the institution of an action by the plain-
tiff on the 23rd day of October, 1894, for the statutory penalty
till that time; his recovery of a judgment in that action; a
continuance of defendant's failure to furnish gas until the 3rd
day of January, 1895.  In this cause of action the plaintiff
sought to recover penalties accruing between the 23rd day of
October and the 3rd day of January, 1895.  At the opening of
the case the trial court dismissed the second and third causes
of action on the ground that but a single action could be
maintained for a failure to supply gas required by the stat-
ute, and that before another action could be brought the
defendant must be again put in default by a new applica-
tion.  As to the first cause of action it appeared that the
gas was cut off before the 14th day of June, 1894; that
on the 21st day of June the plaintiff presented his writ-
ten application to the defendant to restore the meters and
to supply gas; that the defendant failed to comply with
said demand until the 3rd day of January, 1895, and
judgment was demanded for the statutory penalties accru-
ing during that period.  The refusal of the defendant to fur-

nish the plaintiff gas arose out of a dispute between the parties
as to the validity of a claim which the defendant made against
the plaintiff for gas previously supplied. The plaintiff refused
to pay this claim, contending that he had not used the gas,
while the defendant maintained that the charge was just. It
was shown on the trial that on the 22nd day of August, 1894,
after the gas had been cut off from the halls of the apartment
house, the plaintiff made an arrangement with one of his ten-
ants, who was taking gas from the defendant, by which the
tenant furnished him gas for the halls of the house. On this
fact appearing the court limited the plaintiff's recovery on the
first cause of action till the time at which he obtained gas
from his tenant. The plaintiff duly excepted to the rulings
of the court dismissing the second and third causes of action
and limiting his recovery upon the first. The case was sub-
mitted to the jury on the controverted issue of defendant's
liability for the unpaid gas bill, which rendered a verdict in
the plaintiff's favor for the sum of $265. Each party moved
for a new trial, which was denied, and appealed from the
order denying the application to the Appellate Division, where
the order of the trial court was affirmed. Judgment was
entered on the order of the Appellate Division, and from that
judgment the plaintiff appeals to this court.

We think the court properly disposed of the second and
third causes of action. By the failure of the defendant to
comply with the written application of the plaintiff and fur-
nish him gas within ten days, it became subject to the penalty
prescribed by the statute, and the plaintiff's cause of action
accrued. While the amount of the penalty would depend on
the period during which the defendant's default should con-
tinue, still it was a single penalty for a default which was
also single, though it might be continuous. The cause of
action being single was indivisible, and but one recovery
therefor could be had. (*Sturgis* v. *Spofford*, 45 N. Y. 446 ;
*Fisher* v. *N. Y. C. & H. R. R. R. Co.*, 46 N. Y. 644.)
There was no difficulty in the plaintiff securing his rights.
He might have waited till just before the expiration of the

Statute of Limitations, if gas light was not meanwhile restored, and recovered the penalty for the whole period; or after bringing the first action he could renew his application and set a new default running against the defendant. This latter course would apprise the defendant that the plaintiff still was desirous of receiving gas and notified it that further refusal was at its peril.

The ruling limiting the recovery on the first cause of action to the time when the plaintiff obtained gas by arrangement with one of his tenants, was erroneous. The statute requires a gas or electric light company to supply any owner or occupant of any building or premises with gas or electric light upon such owner or occupant complying with prescribed requirements. The defendant refused to supply the plaintiff with gas, and thereby subjected itself to a penalty. It was not relieved from this penalty by the fact that the plaintiff was able to get gas from another customer of the defendant. The gas was not supplied in any fair sense of the term, or within the meaning of the statute, by the plaintiff procuring the gas from his tenant. He had the right under the law to deal directly with the defendant at the price which the law might require the company to sell gas. The defendant having a public franchise, the prices it might charge were properly subject to legislative regulation and control. Not so, however, with the tenant with whom the plaintiff was compelled to deal by reason of the defendant's default. The gas got by the plaintiff from that tenant was the property of the tenant and not that of the defendant. He might have refused to allow the plaintiff gas at all, or if he consented to give him gas, might prescribe such price and conditions for furnishing the gas as he saw fit. The plaintiff testified, without contradiction, that he was obliged to pay an extra price to the tenant for the gas. The rule applied below would work great hardship to the owners or occupants of property and tend to defeat the object of the statute, which is to compel gas light corporations to sell light to all parties who are willing to pay for it by imposing penalties for refusal. When the gas was

cut off from the plaintiff's apartment house he was justified in obtaining light in the best method practicable. That he was compelled to resort to an exceptional method was an injury which the defendant's course inflicted upon him, and the plaintiff could not be placed in the dilemma of either suffering his premises to go unlighted or of abandoning his claim for penalties against the gas company, which though not the only means of redress was the one given by the statute as the most speedy and efficacious. The plaintiff was, therefore, entitled to recover for the whole period up to the time when the defendant directly supplied his premises with gas.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur; LANDON, J., not sitting.

Judgment reversed, etc.