[S. F. No. 6740.    Department Two.—December 9, 1915.]

WHITMAN SYMMES, Appellant, v. SIERRA NEVADA MINING COMPANY (a Corporation), Respondent.

MINING COMPANY—EXAMINATION OF PROPERTY BY STOCKHOLDER—REFUSAL OF PERMISSION TO TAKE SAMPLES—PENALTIES.—The refusal of a mining company to permit a stockholder, in exercising his right of examining the mining property conferred by section 588 of the Civil Code, to take samples of the ores, subjects the company to the penalties provided by section 589 of that code.

ID.—CALIFORNIA CORPORATION—MINING PROPERTY SITUATED WITHOUT
    STATE.—The penalties imposed by that section may be enforced
    against a mining company organized under the laws of the state of
    California, notwithstanding its mining properties, an examination of
    which was denied the stockholder, were situated outside of the state.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. James M. Seawell,
Judge.

The facts are stated in the opinion of the court.

Houghton & Houghton, for Appellant.

Edwin H. Williams, for Respondent.

HENSHAW, J.—Defendant is a mining corporation or-
ganized under the laws of the state of California and having
its principal place of business within this state. Plaintiff
is a stockholder of defendant corporation, which is conduct-
ing mining operations for gold, silver, and other precious
metals on its properties in Storey County, Nevada. Plaintiff
pleaded these matters and further pleaded his desire to in-
spect and examine the mining properties, his application to
the president for written permission so to do, the written
instructions of the president to the superintendent in charge
of the mine, all in compliance with the law. (Civ. Code,
secs. 588, 589.) Further plaintiff pleaded the superintend-
ent's expressed desire to comply with the president's letter
of instruction and an agreement as to the day when plaintiff
was to be allowed to examine the mine. He began his exam-
ination under the guidance of James Meehan, foreman of
the mine, delegated to the performance of this duty by the
superintendent. The foreman, declaring that he was acting
under instructions from his superintendent, refused to allow
plaintiff to take any samples of the ore or ore bodies of the
mine. Plaintiff pleaded that these samples were a necessary
part of his proposed examination, and that it was impos-
sible to make a full and complete examination without taking
such samples. Basing his demand for judgment upon this
asserted refusal of the superintendent to comply with the
law, he asks a monetary judgment in the sum of one thousand
dollars, a further judgment compelling the officers of the

corporation to discharge the superintendent, and finally an injunctive judgment forbidding the corporation from ever thereafter employing the superintendent and from paying him any salary after the twenty-ninth day of April—the date of the breach of the statutory duty.

A general demurrer to this complaint was interposed and sustained. Plaintiff declining to amend appeals from the judgment which followed. The governing law has received consideration from this court in *Eyre* v. *Harmon*, 92 Cal. 580, [28 Pac. 779], and very recently in *Hobbs* v. *Tom Reed Gold Min. Co.*, 164 Cal. 497, [43 L. R. A. (N. S.) 1112, 129 Pac. 781]. For the scope and purpose of the law, for its dual character as being. remedial and penal, it will suffice to refer to these two cases. Unquestionably the action here brought addresses itself to the penal side of the law. The cause of action rests upon the asserted violation of a right which the statute gives to plaintiff as a stockholder of defendant. The "relief" sought (to employ the word which the code uses) is the recovery of the monetary penalty prescribed by the law, with the imposition of the additional penalties which the law imposes and inflicts upon the offending officer.

Section 588 of the Civil Code in express terms gives a stockholder the right to "examine such mining property, accompanied by an expert, take samples, and make such other examination as he may deem necessary." Hereby is given the right of examination, and within that right of examination, by its very definition, is included the right to take samples. Indeed, if this were not expressly conferred, if the statute gave no more than a right of examination, it would require no straining of the meaning of the word as applied to mining properties to say that it properly if not necessarily included the right to take ore samples. The purpose of the examination is to arrive at the value of the property in which the stockholder is interested. Broadly speaking, that value is composed of two elements: the economical or uneconomical working of the mine, and the extent and richness of the ore body. One employing an expert to examine a mining property would read with amazement a report that declared there was an ore body of given dimensions but that the expert had taken no samples, caused no assays to be made, and could place no valuation upon that ore body. Section 588 of the

Civil Code then defines the right of examination of a stockholder. Section 589, dealing with the same matter, prescribes the penalties for a refusal to accord to the stockholder the right which the law gives him. Section 589 declares that any stockholder "is entitled to visit . . . and examine the mine"; that upon application the president must issue his instructions to the superintendent "commanding him to show and exhibit such parts of said mine or mines as the party named in said order may desire to visit and examine." Statutes imposing penalties are, for humane reasons, subjected to strict construction. Subjecting this statute to such construction, the learned judge of the trial court, under the conviction that because section 589 did not in terms provide a punishment for a failure to allow the taking of samples, and as the taking of samples did not come within the strict definition of inspection and examination, for a violation of the stockholder's right to take such samples this action to enforce a penalty did not lie, the stockholder's sole right being in mandate to compel a performance of the duty. In this we think the court erred. The sections of the code are in reality but disjointed parts of a single act. (Stats. 1905, p. 584.) The division into code sections, while not illogical, is nevertheless arbitrary. The connection between the two sections still remains most intimate. The examination which the stockholder is of right entitled to make by section 588 is the same examination for the refusal to allow him to make which the officers of the corporation become liable to the penalties of section 589, and the demurrer upon this ground was improperly sustained.

Respondent in support of the ruling, however, argues, further, that the case comes within the rule that the penal provisions of a statute will not be enforced in the case of contracts made or acts done outside of the boundaries of the state where the law is enacted, and herein it relies upon such cases as *First Nat. Bank* v. *Price*, 33 Md. 487, [3 Am. Rep. 204]; *Bettys* v. *Milwaukee etc. Ry. Co.*, 37 Wis. 323, and *State* v. *John*, 5 Ohio, 217. But these and all like cases go only to the extent of saying that the courts of one state will not impose or inflict penalties provided by the laws of another state and not found in the statutes of the state to whose courts recourse is had. Entirely alien are those cases to this

consideration, where the corporation is a California corporation, the penalty asked to be enforced a penalty prescribed by the laws of California, and recourse for the enforcement of the penalty is sought from our own courts.

The judgment appealed from is therefore reversed.

Melvin, J., and Lorigan, J., concurred.