[Civ. No. 2172.   First Appellate District.—September 20, 1917.]

HENRY THOMPSON, Respondent, v. SAN FRANCISCO GAS & ELECTRIC COMPANY (a Corporation), Appellant.

Gas Corporations—Noncompliance With Demand for Service—Penalty—Code Section Unconstitutional.—Section 629 of the Civil Code, which imposes a penalty upon corporations engaged in supplying light and gas for failure to comply with the terms of the section upon demand, is repugnant to section 11 of article I of the Constitution, requiring all laws of a general nature to have a uniform operation, since it leaves free from the penalty natural persons and copartnerships engaged in the same business.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

Leo H. Susman, and Wm. B. Bosley, for Appellant.

Seth Mann, for Respondent.

THE COURT.—It is conceded that the judgment in this case awarding the plaintiff the sum of $540 was made in accordance with the provisions of section 629 of the Civil Code. That section imposes a penalty upon corporations engaged in supplying illuminating gas or electric light (of which the defendant is one) for a failure to comply with its terms when a demand under certain conditions is made upon them to furnish such gas or electric light; but it will be observed that the section leaves free from such penalty natural persons and copartnerships conducting the same business who may be chargeable with a like omission. It was contended in the lower court and is contended here upon behalf of the defendant that because of this discrimination between corporations and natural persons and copartnerships the section of the code in question is repugnant to section 11 of article I of the Constitution, which provides that "All laws of a general nature shall have a uniform operation."

We think this contention must be sustained. The state has no more power to deny to corporations the equal protection of the law than to individual citizens; and there is no reason in law or in the nature of things why a natural person or firm engaged in the business of supplying to the public artificial light should not be subjected to exactly the same penalties as corporations so engaged. This proposition is supported, we think, by the cases of *Johnson* v. *Goodyear Min. Co.,* 127 Cal. 4, [78 Am. St. Rep. 17, 47 L. R. A. 338, 59 Pac. 304], and *Gulf etc. Ry. Co.* v. *Ellis,* 165 U. S. 150, [41 L. Ed. 666, 17 Sup. Ct. Rep. 255]. It follows that the section of the Civil Code under consideration as it then existed —it having apparently since been repealed—was unconstitutional, and that being so the penalty or liquidated damages which the judgment appealed from purports to allow to the plaintiff had no foundation in law; and the court having found that no actual damage resulted to the plaintiff because of the omission of which he complains, and that finding not being assailed here, it follows that the judgment appealed from must be reversed, and it is so ordered.