[Sac. No. 2780. In Bank.—March 25, 1920.]

## C. F. HANSEN, Appellant, v. VALLEJO ELECTRIC LIGHT AND POWER COMPANY (a Corporation), Respondent.

[1] Gas and Electric Corporations—Refusal of Service—Construction of Section 629, Civil Code—Imposition of "Penalty."—Section 629 of the Civil Code, repealed in 1915, which provided that if a gas or electric light corporation refused or neglected to supply gas or electricity to the owner or occupant of a building for the space of ten days after written application, it must pay to the applicant the sum of fifty dollars as liquidated damages and five dollars per day as liquidated damages for every day such

refusal or neglect continued in force, imposed a "penalty," for noncompliance, notwithstanding the use of the words "liquidated damages."

[2] ID.—RECOVERY OF PENALTIES—STATUTE OF LIMITATION.—An action to recover from a gas or electric corporation the penalties provided by section 629 of the Civil Code for the refusal or neglect to furnish gas or electricity is an action for a penalty or forfeiture imposed by statute within the meaning of subdivision 1 of section 340 of the Code of Civil Procedure, which prescribes a one year period of limitation, and penalties accruing more than a year from the time of the commencement of the action cannot be recovered.

[3] ID.—PER DIEM PENALTY—STATUTE OF LIMITATIONS.—Under section 629 of the Civil Code, where there was a continuous default a new and additional penalty was imposed thereby for each day's refusal or neglect so long as the default continued in force, and the cause of action as to each day accrued with the expiration of that day and was barred only upon the expiration of one year therefrom.

[4] ID.—DAILY PENALTIES—RECOVERY IN SINGLE ACTION.—Where daily penalties are incurred by the failure or neglect of a gas or electric corporation to furnish gas or electricity, while a separate cause of action exists as to each day's penalty, they may, and perhaps must be regarded, solely for the purpose of recovering them in a single action, as one penalty, recoverable in a single action.

[5] ID.—CONSTITUTIONALITY OF SECTION 629, CIVIL CODE.—Section 629 of the Civil Code, as it existed prior to its repeal in 1915, cannot properly be held to have been violative of section 11 of article I of the constitution, which provides that all laws of a general nature shall have a uniform operation, on the theory that it discriminated unlawfully between corporations furnishing gas and electricity and natural persons and copartnerships engaged in the same business, in view of section 33, article IV, providing that the legislature shall pass laws for the regulation and limitation of the charges for services performed and commodities furnished by "gas corporations," and of the well-settled presumption in favor of the validity of legislative action, and of the fact that it is a matter of common knowledge that the business of furnishing gas and electricity for light, etc., is in this state practically always conducted by a corporation.

[6] ID.—ACTION FOR RECOVERY OF PENALTIES—ERRONEOUS NONSUIT.— In an action to recover from an electric light corporation penalties for failure to furnish electricity, the granting of a nonsuit on the ground that the action is barred by the provisions of subdivision 1 of section 340 of the Code of Civil Procedure is erroneous where

the plaintiff made a *prima facie* case for the recovery of the five dollar per diem penalties accruing within a year of the time of the commencement of the action.

APPEAL from a judgment of the Superior Court of Solano County. Henry C. Gesford, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Clarence E. Todd and Vincent Surr for Appellant.

Frank E. Powers for Respondent.

ANGELLOTTI, C. J.—This action was brought to recover from defendant the sum of $2,665 because of its failure to furnish to plaintiff electricity for use in his dwelling-house in the city of Vallejo. Upon the close of plaintiff's case the court granted defendant's motion for a nonsuit, on the ground that the action was barred by the provisions of subdivision 1 of section 340 of the Code of Civil Procedure, and judgment was entered accordingly. This is an appeal from such judgment.

This action was commenced March 20, 1915. On the trial it was made to appear that the plaintiff on April 15, 1913, made demand upon defendant to furnish him with electricity for lighting his house, No. 221 Louisiana Street, in Vallejo, which house was within one hundred feet of a direct and primary wire of the company, and that defendant declined to do so unless plaintiff signed an application containing certain conditions which it was subsequently held by the railroad commission it had no right to impose; that plaintiff refused to sign this application, and that defendant to and including September 30, 1914, failed to comply with the demand.

Upon an examination of the record we are satisfied that in view of the pleadings this action must be held to be one solely for the statutory recovery allowed by section 629 of the Civil Code, and that no recovery whatever was sought other than such recovery as was authorized by the terms of that section.

Section 629 of the Civil Code, which was in force at all times mentioned in the complaint and until repealed in

1915 (Stats. 1915, p. 169), provided substantially that a gas or electric light corporation must supply gas or electricity to any building or premises distant not more than one hundred feet from any main, or direct or primary wire, of the corporation, "upon the application in writing of the owner or occupant," and payment of all money due from him. It further provided: "If, for the space of ten days after such application, the corporation refuses or neglects to supply the gas or electricity required, it must pay to the applicant the sum of fifty dollars as liquidated damages, and five dollars per day as liquidated damages for every day such refusal or neglect continues thereafter." [1] We are satisfied that this provision must be held to impose a "penalty" for noncompliance, notwithstanding the use of the words "liquidated damages." It has heretofore consistently been accepted by this court and the district courts of appeal as so doing, without, however, any question having been raised to the contrary. (See *Capital Gas Co.* v. *Young*, 109 Cal. 140, [29 L. R. A. 463, 41 Pac. 869]; *Baker* v. *San Francisco etc. Co.*, 141 Cal. 710, [75 Pac. 342]; *Thompson* v. *San Francisco etc. Co.*, 18 Cal. App. 30, [121 Pac. 937]; Id., 20 Cal. App. 142, [128 Pac. 347]; Id., 34 Cal. App. 699, [168 Pac. 390].) We can see no doubt of the correctness of this view. Unquestionably it provides for a recovery for a wrong or injury suffered without any reference whatever to the question of *actual damage*. The recovery is had even though it be conceded that there was no actual damage whatever. Likewise, the recovery is limited to the amount specified, even though in a particular case it could be shown beyond question what the actual damage was and that such *actual* damage exceeded the statutory amounts many times over and ran to a very large amount. In *County of Los Angeles* v. *Ballerino*, 99 Cal. 593, 596, [32 Pac. 581, 34 Pac. 329], the statutory penalty referred to by subdivision 1 of section 340 of the Code of Civil Procedure was declared to include "one which an individual is allowed to recover against a wrongdoer, as a satisfaction for the wrong or injury suffered, and without reference to the actual damage sustained." The provision here clearly falls within this description. The use of the term "as liquidated damages" does not preclude such a view. The same words are used in section 589 of the Civil Code, with relation to the right

of a stockholder of a mining corporation to recover a specified sum from the corporation in the event of the denial of certain rights, and this court construed the provision conferring such right of recovery as one imposing a penalty. (See *Symmes* v. *Sierra Nevada Min. Co.*, 171 Cal. 427, [153 Pac. 710].) The term "as liquidated damages" in the connection in which it is used and in view of the character of the imposition cannot fairly be construed as meaning or intended to mean anything other than a penalty or forfeiture. Certainly the provision may not fairly be construed as an attempt on the part of the legislature to merely establish a rule as to the measure of actual damages in such cases, in view of the fact that the specified recovery is authorized without any reference whatever to the question of actual damage. Much reliance is placed by learned counsel for appellant upon the fact that prior to the adoption of the codes the statutes on this subject used the words "shall forfeit and pay" the designated sums, without the words "as liquidated damages," and that when the codes were adopted in 1872 the section covering the matter was written in its present form providing that the corporation "must pay to the applicant" the designated sums "as liquidated damages." Just why the code commissioners and the legislature thus changed the phraseology we do not know, but we do not think the change altered the meaning or furnishes evidence of any intention to accomplish such an alteration as is claimed to have been effected thereby.

As we have already noted, the nonsuit was granted on the ground that the action was barred by subdivision 1 of section 340 of the Code of Civil Procedure. By the terms of that provision "an action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation," must be brought within one year from the time the right of action accrues. Plaintiff's demand for electricity having been made on April 15, 1913, a right of action based thereon accrued upon the lapsing of ten days thereafter without compliance with his demand, viz., on April 26, 1913, and this action was not commenced until March 20, 1915, nearly two years thereafter. It is practically conceded that the initial amount of $50 fixed by section 629 of the Civil Code, together with the

five dollars per diem for all days prior to March 20, 1914, are barred if this be an action for a penalty or forfeiture imposed by statute within the meaning of subdivision 1 of section 340 of the Code of Civil Procedure. But it is claimed by appellant that in any event the action is not barred as to the five dollars per diem for the time beginning March 20, 1914, and ending September 30, 1914. **[2]** We are satisfied that this claim must be upheld. **[3]** The terms of the statute are such that it may not fairly be held otherwise than that while there is a continuous default a new and additional penalty is imposed thereby for each day's refusal or neglect so long as the default "continues in force," and that the cause of action as to each day accrues with the expiration of that day and is barred only upon the expiration of one year therefrom. We are not concerned here with any question of multiplicity of actions or with the question whether successive actions for accruing penalties based upon a single demand are allowable. **[4]** That all the penalties in such a case may be regarded as one for the purpose of recovering them in one suit is well established, and we may assume that only one action is permissible in such a case. As to this there is some conflict in the authorities. But, as was said by the supreme court of errors of Connecticut, "the aggregate forfeitures may well be regarded as one, for the purpose of recovering them by one suit, when they could not be so regarded in applying the statute of limitations." (See *Wells* v. *Cooper,* 57 Conn. 52, [17 Atl. 281].)

In this aspect the case is not materially different from an action on an ordinary account for goods sold and delivered containing many items sold and delivered on different days. Where the language used is similar to that contained in our statute, the authorities to which we have been referred and those we have been able to find are practically unanimous in support of our view. (See *Udall Milling Co.* v. *Atchison etc. R. Co.,* 82 Kan. 256, [108 Pac. 137]; *Wells* v. *Cooper,* 57 Conn. 52, [17 Atl. 281]; *Atwood* v. *Lockwood,* 76 Conn. 555, [57 Atl. 280]; *Town of Londonderry* v. *Arnold,* 30 Vt. 401; *Garrison* v. *Southern R. Co.,* 150 N. C. 575, 586, [64 S. E. 578].) The cases cited involve such provisions as "he shall forfeit five dollars . . . for every month of such neglect" (57 Conn. 52, [17 Atl. 281]); "shall forfeit $1.00

per day for each car it fails to furnish" (82 Kan. 256, [108 Pac. 137]; "shall forfeit $20.00 for each month until he shall return such inventory" (76 Conn. 555, [57 Atl. 280]); "shall forfeit and pay . . . a penalty of $5.00 for every thirty days he or she shall neglect to comply with such order of the selectmen" (30 Vt. 401); "forfeit and pay a penalty of $50.00 for each day it refuses to receive such freight" (150 N. C. 575, [64 S. E. 578]). The only case cited by learned counsel for respondent in this connection is *Jones* v. *Rochester etc. Co.,* 168 N. Y. 65, [60 N. E. 1044], where a statute, which is practically the same as ours, was under consideration. The precise question presented and determined in that action was whether a recovery having been had upon the penalties accrued up to a certain time, another action based on the original demand for penalties alleged to have accrued for a subsequent period could be maintained. It was held that but one action could be maintained based upon the original demand for gas. The learned court said: "While the amount of the penalty would depend on the period during which the defendant's default should continue, still it was a single penalty for a default which was also single, though it might be continuous. The cause of action being single was indivisible and but one recovery could be had." No question of the statute of limitations was involved in that case, and, as we have seen, the aggregated penalties may be considered as one for the purpose of recovery without being so regarded in applying the statute of limitations. The case cannot be considered as deciding the question we have here.

[5] It is claimed that section 629 of the Civil Code was violative of section 11 of article I of our constitution, which provides that "all laws of a general nature shall have a uniform operation," the theory being that it discriminated unlawfully between corporations furnishing gas or electric light and natural persons and copartnerships engaged in the same business. The section was one contained in the title of our Civil Code relative to corporations furnishing light for public use, Title XV of Part IV of Division One, Part IV of Division One being the portion of the Civil Code devoted to the subject of corporations. In view of the subject matter of this section it really had no proper place in a part of the Civil Code devoted solely to corporations, but

under the guidance of the code commissioners to that place it found its way from the act of 1863 (Stats. 1863, p. 647), relative to gas companies and consumers of gas, when our codes were framed in 1872, where it was when our constitution of 1879 was adopted, and where, repealed and re-enacted with some changes to include electric light corporations, it remained until its final repeal in 1915. No good reason occurs to us why such an obligation should be imposed on corporations engaged in the business of supplying gas or electricity, with the penalty for default, that would not be equally applicable in the case of an individual or co-partnership engaged in the same business. At the same time we do not feel warranted in holding it opposed to section 11 of article I of our constitution. Of course, the well-settled rule is that the presumption is in favor of the validity of legislative action. And it is not to be assumed, for the purpose of nullifying the law, that there was any intention to discriminate against corporations engaged in this business to the advantage of natural persons or copartnerships engaged therein. (*County of San Luis Obispo* v. *Murphy*, 162 Cal. 588, 591, [Ann. Cas. 1913D, 712, 123 Pac. 808].) We think it may fairly be said that it is a matter of common knowledge that the business referred to, that of supplying a community with gas or electricity for light, etc., is in this state practically always conducted by a corporation. Isolated cases of the conduct of such business by an individual, copartnership, or voluntary unincorporated association may exist in some small communities, but certainly they are extremely rare, and, as said on a somewhat similar objection in *County of San Luis Obispo* v. *Murphy, supra,* the legislature may have reasonably concluded that they were so inappreciable and insignificant in number that the corporations composed "the entire class" of persons actually engaged in such business. The constitution itself assumes this to be a proper classification, for it is therein provided as follows: "The legislature shall pass laws for the regulation and limitation of the charges for services performed and commodities furnished by telegraph and gas corporations, and the charges by corporations or individuals for storage and wharfage, in which there is a public use" (sec. 33, art. IV, Const.). While, as suggested by learned counsel for defendant, this refers only to laws for the reg-

ulation and limitation of *charges,* a classification for that purpose must be based on the same principles as obtain with regard to such a provision as is here involved. In the face of this provision of the constitution, which apparently was not brought to the attention of the district court of appeal in *Thompson* v. *San Francisco etc. Co.,* 34 Cal. App. 699, [168 Pac. 390] ; considered in connection with the other matters to which we have referred, we do not see how it can properly be held that section 629 of the Civil Code was violative of section 11, article I, of the same constitution.

[6] As a part of plaintiff's demand was not barred by subdivision 1 of section 340 of the Code of Civil Procedure, the motion for a nonsuit should not have been granted. Plaintiff made a *prima facie* case for the recovery of the five dollars per diem penalties accruing within a year of the time of the commencement of the action.

The judgment is reversed and the cause remanded for a new trial.

Olney, J., Wilbur, J., Shaw, J., Lawlor, J., and Kerrigan, J., *pro tem.,* concurred.

Rehearing denied.

All the Justices, except Lennon, J., concurred.