[Sac. No. 5014. In Bank.—May 26, 1937.]

BERRY HOTELS SYSTEM (a Corporation), Appellant, v. CAPITOL PROPERTIES, INC. (a Corporation), et al., Respondents.

Philip S. Ehrlich, Sidney Rhein and Albert A. Axelrod for Appellant.

Stoney, Rouleau, Stoney & Palmer, Henry E. Monroe, and Morrison, Hohfeld, Foerster, Shuman & Clark for Respondents.

McCutchen, Olney, Mannon & Greene, O'Melveny, Tuller & Myers and Louis W. Myers, as *Amici Curiae* on Behalf of Respondents.

LANGDON, J.—This is an action to have a trustee's sale of property declared void. Judgment was for the defendants, and plaintiff appealed on the judgment roll.

In 1926 plaintiff issued and sold bonds in the sum of $325,000, secured by a deed of trust upon its real and personal property in Sacramento County. After delinquencies had occurred in payments of principal and interest, defendant trustee published and posted notice of sale of the real property, and on March 13, 1935, the same was sold to defendant Capitol Properties, Inc. Subsequently plaintiff brought this present action to set aside the sale on the ground that no notice of default was recorded in the office of the county recorder of Sacramento County three months prior to the sale.

Plaintiff relies upon an interpretation of section 2924 of the Civil Code. That section provides that the power of sale in a deed of trust shall not be exercised unless notice of default be recorded at least three months before the sale. It exempts from its provisions a power of sale in a mortgage or deed of trust given "to secure the payment of bonds or other·

evidences of indebtedness authorized or permitted to be issued by the commissioner of corporations''. The present bond issue comes within this exception, and accordingly the express language of section 2924 appears to refute plaintiff's contention.

Plaintiff, however, advances the following argument: Section 2924 violates the Fourteenth Amendment to the federal Constitution and other provisions of the California Constitution prohibiting discrimination; by reason of this unconstitutional discrimination, the section is not rendered wholly void, but is subject to a construction which will extend its provisions for three months' notice of default to the excepted class of trust deeds in which plaintiff's obligation falls, namely, trust deeds to secure bonds authorized by the Commissioner of Corporations.

It is too clear for discussion that the second part of plaintiff's argument is unsound. If section 2924 does make an unconstitutional discrimination between classes of obligations, the entire section with its three months' notice requirement is void; the court cannot rewrite the statute to make it cover the excepted classes, for there is not the slightest evidence that this would be in accordance with the legislative intent. (See *Mordecai* v. *Board of Supervisors*, 183 Cal. 434 [192 Pac. 40].) This alone would seem to dispose of plaintiff's appeal. However, we deem it desirable to point out that the classification in the section is entirely reasonable and proper. Individual or corporate borrowers, in single private transactions with a bank or other financing agency, are protected from the unfortunate results of quick sales on default by a three months' period of grace. Corporate borrowers which obtain funds from the investing public by bond issues under indentures usually prepared by themselves with whatever protections they desire, ordinarily require no such statutory period of grace. The indenture may, and usually does, provide for a procedure of foreclosure involving some consent by many scattered bondholders, action by a trustee, etc., and the proceedings normally take a great deal longer than three months. It is perfectly clear, therefore, that the legislature has provided a protection against a possible evil in the enforcement of a certain class of obligations, and that in excepting another class from the provision made it has recognized that there is no need for, and no value in, the particular protection.

Similar legislative classification of individual obligations and corporate bond issues has been frequently upheld. (See *In re Girard,* 186 Cal. 718 [200 Pac. 593] ; *In re Washer,* 200 Cal. 598 [254 Pac. 951] ; *Ex parte Washer,* 78 Cal. App. 759 [248 Pac. 1068].)

Plaintiff practically concedes this point, but contends further that a discrimination exists under the statute between corporate borrowers whose bonds are sold within this state under permit from the Commissioner of Corporations, and corporate borrowers whose bonds are sold entirely outside the state without the necessity of a permit. Plaintiff has offered no evidence that any such type of financing actually exists, and it would seem to be quite an unusual occurrence that the whole of a bond issue, secured by property in California, would be sold outside this state. It is sufficient to observe that if there is, in actuality, any such discrimination, this does not condemn the statute because it is not only rare but obviously fortuitous and accidental, and in no way part of the legislative intent (see *County of San Luis Obispo* v. *Murphy,* 162 Cal. 588 [123 Pac. 808, Ann. Cas. 1913D, 712] ; *Hansen* v. *Vallejo Elec. L. & P. Co.,* 182 Cal. 492 [188 Pac. 999] ) ; and plaintiff was not only not a member of the class allegedly discriminated against, but under the admitted facts had much more than the three months' grace period after its default and before sale. Since the statute did not discriminate against a class which included the plaintiff, and since it suffered no injury by the legislation, it is without power to complain even if, as may be doubted, any actual discrimination exists.

The judgment is affirmed.

Curtis, J., Shenk, J., Thompson, J., and Seawell, J., concurred.