[Civ. No. 11334. First Appellate District, Division Two.—March 21, 1940.]

DEMPSEY REALTY COMPANY, Appellant, v. OXFORD APARTMENTS CORPORATION et al., Respondents.

William Ellis Lady for Appellant.

Arch H. Vernon, Earl E. Johnson and Lawrence J. Otis for Respondents.

SPENCE, J.—Plaintiff brought this action alleging that it was the owner of certain real property known as the Oxford Apartments and seeking to quiet its title thereto. Defendant Oxford Apartments Corporation filed its answer alleging that it was the owner of said property and the remaining defendants filed answers claiming interests derived through defendant Oxford Apartments Corporation. The trial court entered its judgment in favor of defendants and from said judgment plaintiff appeals.

The facts are not in dispute. Plaintiff acquired said property subject to a deed of trust given to secure a bond issue of $110,000. A permit for the sale of the bonds, secured by said deed of trust, had been obtained from the commissioner of corporations and said bonds had been sold pursuant to said permit. Default was made in the payment of said bonds and a sale was conducted pursuant to the terms of said deed of trust. The title and interests of the defendants were based upon said sale.

Plaintiff concedes that said sale was conducted as provided in said deed of trust but claims that it was wholly void because no notice of breach and election to sell was recorded three months before the sale. The sale had been conducted without the recordation of such notice, the parties relying upon the exception to the general requirement for such recordation, which exception is expressly stated in section 2924 of the Civil Code, and reads ''except where such mortgage or transfer is made . . . to secure the payment of bonds or other evidences of indebtedness authorized or permitted to be issued by the Commissioner of Corporations . . . ''.

The sole basis of plaintiff's contentions on this appeal is that the above-quoted portion of said section 2924 of the Civil Code is unconstitutional. Every point raised is completely answered in the opinion in *Berry Hotels System* v. *Capitol Properties, Inc.*, 9 Cal. (2d) 12 [68 Pac. (2d) 974], which opinion was filed during the pendency of this appeal. The judgment may be affirmed without further discussion on the authority of that case.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.