[L.A. No. 31491. June 14, 1982.]

BEVERLEE A. MYERS, as Director, etc., Plaintiff and Appellant, v. EASTWOOD CARE CENTER, INC., Defendant and Respondent.

COUNSEL

George Deukmejian, Attorney General, Anne S. Pressman and James E. Ryan, Deputy Attorneys General, for Plaintiff and Appellant.

Weissburg & Aronson, Peter Aronson and Gary S. Mobley for Defendant and Respondent.

OPINION

**RICHARDSON, J.**—We examine the application of the Long-Term Care, Health, Safety and Security Act of 1973 (the Act) as it existed in 1979 (Health & Saf. Code, § 1417 et seq.; all statutory references are to this code unless otherwise indicated). Our inquiry into the operation of the Act arises from the following facts.

The licensee, Eastwood Care Center, Inc., owns and operates a long-term health care unit, which is a skilled nursing facility known as Lyncrest Convalescent Hospital, in Lynwood, Los Angeles County (facility). The facility was inspected by representatives of the California Department of Health Services (department) on two occasions in late June 1979. "A" and "B" citations, based on asserted violations of the Act occurring as early as October 1978, were issued by the Director of the State Department of Health Services. Pursuant to statutory procedures, the facility contested the citations, and the penalties assessed were upheld at an ensuing informal conference. On August 15, 1979, after the conference, the facility notified the director that it intended to contest both the citations and proposed penalties. Thereafter, on July 21, 1980, the Attorney General filed an action on behalf of the director to enforce the citations and collect the penalties. The superior court then sustained the facility's demurrer on the ground that the director's action was barred by the statute of limitations. Judgment favorable to

the facility was thereupon entered. This appeal followed. We will reverse the judgment, concluding that the action was timely filed.

The principal issues generally revolve around the timeliness of the director's action to enforce the citation, and particularly we are concerned with the commencement and duration of the statutory period within which the director may proceed. We first trace the statutory citation procedures.

The Legislature expressed in the Act its intent to establish "a citation system for the imposition of prompt and effective civil sanctions against long-term health care facilities in violation of the law and regulations of this state relating to patient care . . . ." (§ 1417.1.) A "long-term health care facility" (§ 1418) is subject to the Act and to administrative regulations promulgated by the department. (Cal. Admin. Code, tit. 22, § 72701 et seq.) The department is authorized to enter any facility for inspection purposes in order to enforce the provisions of the Act and the regulations (§ 1421) and is required to perform at least two general inspections each year (§ 1422) or upon receipt of a complaint (§§ 1419, 1420).

If, upon investigation, the director determines that there have been violations of any statute or rule or regulation, she is authorized to issue "A" or "B" citations depending upon the gravity of the violation (§ 1424; Cal. Admin. Code, tit. 22, §§ 72703-72707) and to assess a civil penalty as specified (§ 1424).

If a licensee wishes to contest a citation or penalty it is required, within four days of service of the citation, to so notify the director in writing of a request for an informal conference. (The Act was amended in 1980 to provide for a five-day period within which to give notice.) The conference, held by the director's designee, must take place within four (now five) business days of the request and the designee may then affirm, modify, or dismiss the citation or proposed penalty. If the licensee desires to contest the designee's decision, it must inform the director in writing within four (now five) business days after receipt of the decision. If it does not so notify the director, the citation, penalty or decision becomes a final order of the department, not subject to further administrative review. (§ 1428, subd. (a).)

Section 1428, subdivision (c), provides that "If a licensee notifies the director that he intends to contest a citation, the director shall immedi-

ately notify the Attorney General. Upon such notification, the Attorney General shall promptly take all appropriate action to enforce the citation and recover the civil penalties prescribed thereon, and shall take such other action as he shall deem appropriate, in the superior court of the county in which the long-term health care facility is located."

The facility argues that notice that a citation is being challenged should be given by the director to the Attorney General when the licensee first notifies the director of its intent to contest the citation and requests an informal hearing. The director responds by contending that the obligation of notice arises when the licensee advises the director of a contest *after* the informal hearing decision has been rendered. Section 1428, subdivision (c), is arguably ambiguous on the point but we believe that the director's interpretation is the more reasonable one.

The departmental regulations then in effect are consistent with the director's view. Section 72721, subdivision (e), of title 22 of the California Administrative Code (repealed Mar. 21, 1982, (reg. 82, No. 8)) provided that the director shall refer the matter to the Attorney General if the licensee notifies the director of his intent to contest the citation "after an informal conference has been held . . . ." (See *Myers* v. *Astoria Convalescent Hospital* (1980) 105 Cal.App.3d 682, 685 [164 Cal.Rptr. 495] [dicta consistent with the regulation]; *Lackner* v. *Perkins* (1979) 91 Cal.App.3d 433, 437 [154 Cal.Rptr. 138] [same].) Deferring formal notice to the Attorney General until after the conclusion of the conference is consistent with the stated purposes of the Act to provide prompt and effective discovery of violations and enforcement of the applicable statutes and regulations through administrative action.

The departmental records demonstrate the effectiveness of the prescribed administrative review procedures. In 1980, for example, a total of 1,041 citations were issued. Of those, 124 "A" and 249 "B" citations were considered at 169 "citation review conferences." Of the "A" citations, 66 were sustained, 13 were dismissed, and 45 were reduced. Of the "B" citations, 199 were sustained, 15 were dismissed, and 35 were reduced. A total of 85 citations finally were referred to superior court. This citation review system obviously served to satisfy most licensees. Licensees who were the subject of 288 initially contested citations chose not to continue any further challenges after the conference decision.

If section 1428, subdivision (c), is interpreted to require the director to notify the Attorney General to commence a superior court action *be-*

*fore* the administrative review has taken its course, a substantial and unnecessarily increased burden would be cast upon the Attorney General. More significantly, the citation procedures would be prematurely removed from an informal administrative to a formal judicial arena.

We therefore hold that the department correctly interpreted the requirements of section 1428, subdivision (c), as requiring notification to the Attorney General only *after* the informal conference has been held and the licensee has indicated its intent to challenge the administrative decision. In this case, the facility gave notice of its intent to contest on August 15, 1979.

■ The director argues that the proper statute of limitations is the four-year term established by Code of Civil Procedure section 343. The trial court held, and we agree, that it is the one-year limitations period described in Code of Civil Procedure section 340, subdivisions 1 and 2, which is applicable.

Code of Civil Procedure section 340 provides a one-year limitation period for "1. An action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation; [¶] 2. An action upon a statute, or upon an undertaking in a criminal action, for a forfeiture or penalty to the people of this state . . ." and section 343, containing a four-year period, is the general limitations statute for actions when no other limitations period applies.

The director argues that Code of Civil Procedure section 340 is inapplicable because the cause of action provided by the Act "is given to the Director in her official capacity," rather than as an individual or the state, and because the penalties collected do not go to the state but rather to the director for the benefit of the department. The director's assertions lack merit.

The director is acting for the state in her capacity as head of the department. Civil administration of the laws of the state is vested in the Governor and, to assist him, executive and administrative personnel and responsibilities are divided into departments as provided by law. (Gov. Code, § 11150.) All the powers of the head of a department pursuant to chapter 2, part 1, division 3 of title 2 of the Government Code (§ 11150 et seq.), are vested in the director. (§ 102.) The department is empowered to "commence and maintain all proper and necessary actions and

proceedings for any and all of the following purposes: (a) To enforce [the department's] rules and regulations . . . ," and it "shall sue and be sued under the name of the State Department of Health Services." (§ 205.) The Attorney General is authorized, as the legal advisor to all state departments and their officers, to "institute and prosecute all necessary actions or proceedings for the enforcement of such law and for the punishment of all violations thereof." (Gov. Code, § 11157.) Section 1428, subdivision (c), specifically requires the director to notify the Attorney General of a contested citation and the Attorney General is then mandated to take enforcement action.

The present action was brought by the Attorney General on behalf of Beverlee A. Myers, *as Director of the State Department of Health Services*, in which capacity she clearly was acting as head of the department, as an arm of and for the benefit of the state. (Cf. § 1430 authorizing the Attorney General to bring an action on his own behalf on the complaint of any person or organization.) The penalties she sought to have enforced similarly were penalties "to the people of this State." Accordingly, we hold that the applicable limitations period is the one-year period provided by section 340, subdivisions 1 and 2, of the Code of Civil Procedure.

■ When did the director's cause of action accrue? The facility argues that it was on the date when the violation occurred. It notes that there is nothing in the language of section 1428, subdivision (c), or in any of the applicable administrative regulations which would prevent the Attorney General from filing an action *before* a licensee has given notice of an intent to contest a citation. We have concluded, however, that a more rational interpretation is that the applicable date for accrual of an action pursuant to section 1428, subdivision (c), is the date upon which, following the informal conference, the licensee notifies the director that it intends to contest the citation or penalty.

The facility emphasizes the accepted principle that a cause of action arises on the date upon which the act occurs which gives rise to the claim. It correctly asserts that "As a general rule a cause of action arises when the wrongful act was committed and not at the time of the discovery; the statute commences to run even though a plaintiff is ignorant that he has a cause of action." (*Avner* v. *Longridge Estates* (1969) 272 Cal.App.2d 607, 616 [77 Cal.Rptr. 633].) However, as we noted in *United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 596 [83 Cal.Rptr. 418, 463 P.2d 770], in focusing on the com-

mencement of the statutory period, "Ordinarily this is when the wrongful act is done and the obligation or the liability arises, but it does not '*accrue until the party owning it is entitled to begin and prosecute an action thereon.*'" (Italics added; see also *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 187 [98 Cal.Rptr. 837, 491 P.2d 421]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 263, pp. 1116-1117.)

Section 1428, subdivision (c), requires the director to notify the Attorney General so that he may take action "*to enforce the citation and recover the civil penalties prescribed thereon.*" More precisely, the enforcement action is brought not upon the original violation, but to effectuate the administrative decision once the licensee has informed the director of its intent to contest the decision. (See *People* v. *West Publishing Co.* (1950) 35 Cal.2d 80, 85-87 [216 P.2d 441] [cause of action to collect taxes under pre-1951 law accrued not on day after tax was payable but after the finality of the State Board of Equalization determination of amount which was due and payable]; *Dept. of Social Welfare* v. *Stauffer* (1943) 56 Cal.App.2d 699 [133 P.2d 692] [statutory right of recovery against decedent's estate for improperly paid old age relief accrues not on death but on issuance of letters of administration].) Unlike the cases cited by the facility which deal with accrual of causes of action in cases involving tort and contract claims, the action here is an *enforcement* action which may not be maintained until there is something requiring enforcement. Nothing in section 1428 authorizes the Attorney General independently to bring an action for the purpose of enforcing a citation or collecting a fine.

In contrast, section 1430 permits the Attorney General to bring an action to enjoin or seek civil damages for a violation "except where the state department has taken action and the violations have been corrected to its satisfaction ...." Such an action is brought upon the complaint of the Attorney General or that "of any board, officer, person, corporation or association, or by any person acting for the interests of itself, its members or the general public." An action pursuant to section 1428, however, first requires that a citation be issued and finally contested before the Attorney General may act. (Cf. *People* ex rel. *Dept. of Transportation* v. *Superior Court* (1980) 26 Cal.3d 744, 759 [163 Cal.Rptr. 585, 608 P.2d 673] ["the fact that a defendant is permitted under a third party procedure to bring a declaratory cross-complaint in the original tort action does not alter the general rule that,

for statute of limitations purposes, the defendant's indemnity action does not accrue until he has suffered actual loss through payment."].)

Section 1428, subdivision (a), states that if a decision following an informal conference is not contested within four (now five) days, the decision becomes final and is no longer subject to administrative review.

We conclude that the accrual date for a cause of action under section 1428 is the date upon which the licensee notifies the director of its intent to contest the conference decision. Subdivision (c) provides that upon such notification "the director shall immediately notify the Attorney General," and at that point all conditions precedent to the bringing of the action will have occurred.

In this case, as we have indicated, the facility notified the director of its intent to contest the citation on August 15, 1979, and the complaint, filed on July 21, 1980, was therefore within the one-year limitations period and was timely filed.

We reverse the trial court's judgment of dismissal and remand the case for further proceedings.

Bird, C. J., Mosk, J., Newman, J., Kaus, J., Broussard, J., and Reynoso, J., concurred.