Gilberto **RIVERA,** Nicholas Alberto, Luis Navarro, Jose Garcia, Hector Garcia, Pablo Galindo, Socorro Mendivil, Rogelio Casares, **Plaintiffs-Appellants,**

v.

Joe **ANAYA, et al.,**
**Defendants-Appellees.**

No. 83–5966.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 3, 1984.

Decided Feb. 23, 1984.

---

Raymond Buendia, San Diego, Cal., for plaintiffs-appellants.

Jon R. Betts, Gray, Cary, Ames & Frye, San Diego, Cal., for defendants-appellees.

Before SCHROEDER, and REIN-HARDT, Circuit Judges, and SOLOMON *, District Judge.

REINHARDT, Circuit Judge:

Appellants, migrant farm workers formerly employed by appellee Joe Anaya, allege that Anaya violated the Federal Farm Labor Contractor Registration Act, the California Farm Labor Contractor Registration Act and the Federal Insurance Contributions Act, 7 U.S.C. §§ 2041–2053 (1982) (current version at 29 U.S.C. §§ 1801–1872 (1983)); Cal.Lab.Code §§ 1682–1699 (West 1982); 26 U.S.C. § 3101 et seq. (1983). The district court granted partial summary judgment in favor of Anaya on both the federal and state claims holding that: (1) Anaya's failure to raise the statute of limitations as a defense in response to the first pleading did not serve to waive his right to raise it later absent prejudice to plaintiffs; and (2) the statute of limitations imposed by California Code of Civil Procedure § 340(1), bars plaintiffs' claims under 7 U.S.C. § 2041 (1982) and Cal.Lab.Code

* Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

§ 1697 (West 1982). Plaintiffs challenge both rulings on appeal. We affirm the district court on the first issue and reverse on the second.

## I.

Appellants are farm workers who were employed by appellee Joe Anaya in October 1979 to harvest cantalopes in the Imperial Valley. On February 4, 1981, appellants filed a complaint in the United States District Court alleging that Anaya violated the registration, disclosure, recordkeeping and posting requirements of the Federal Farm Labor Contractor Registration Act, 7 U.S.C. §§ 2041–2053 (1982) (current version at 29 U.S.C. §§ 1801–1872 (1983)), and the registration, disclosure, recordkeeping and posting requirements of the California Farm Labor Contractor Registration Act, Cal.Lab. Code §§ 1682–1699 (West 1982). Appellants also alleged violation of the Federal Insurance Contribution Act, 26 U.S.C. § 3101 et seq. (1976 & Supp.V 1981).

Anaya answered the complaint on March 12, 1981, but did not at that time raise the affirmative defense that the action was barred by the statute of limitations.

On February 24, 1983, the district court granted Anaya's motion for summary judgment on the ground that the complaint was not timely filed as to plaintiffs' claims under the Federal and State Farm Labor Contractor Acts. The court denied his motion for summary judgment on plaintiffs' claim under the Federal Insurance Contribution Act, but that claim was subsequently abandoned by plaintiffs. Appellants raise two issues on appeal:

1. Does defendant's failure to raise the affirmative defense of bar by the statute of limitations in response to the first pleading waive the right to raise this defense?

2. Are plaintiffs' claims under 7 U.S.C. § 2041 (1982) (current version at 29 U.S.C. § 1854(c) (1983)) and Cal.Lab. Code § 1697 (West 1982), barred by the one year statute of limitations

period of Cal.Civ.Proc.Code § 340(1) (West 1982)?

## II.

### WAIVER OF THE STATUTE OF LIMITATIONS DEFENSE

■ Fed.R.Civ.P. 56 permits a defendant to move for summary judgment on the basis of an affirmative defense and to support the motion with materials extraneous to the pleadings. 6 Pt. 2 J. Moore & J. Wicker, Moore's Federal Practice, ¶ 56.17[4], at 56–737 (2d ed. 1982). Appellant argues, however, that Fed.R.Civ.P. 8(c) requires that the affirmative defense of the statute of limitations be raised in the initial pleading tendered by the defendant. This requirement was commonly imposed in prior equity practice. Our circuit liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading in *Healy Tibbitts Construction Co. v. Insurance Co. of North America,* 679 F.2d 803 (9th Cir.1982). There we allowed the defendant insurance company to raise the affirmative defense that the insurance policy exclusion clause precluded his recovery by way of a motion for summary judgment despite the fact that this defense was not among the seven affirmative defenses that the defendant raised in its answer to the plaintiff's initial complaint. *Healy Tibbitts'* holding that, absent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time is controlling here. No prejudice has been claimed by appellants. Accordingly, we hold that Anaya's failure to raise the defense of the statute of limitations in his initial pleading does not preclude him from making a motion for summary judgment based on that defense.

## III.

### THE APPLICABLE STATUTE OF LIMITATIONS

The Federal Farm Labor Contractor Registration Act, 7 U.S.C. §§ 2041–2053 (current version at 29 U.S.C. §§ 1801–1872

(1983))[1] does not include a provision limiting the time within which a claim can be brought. Where a federal statute has no limitations provision, we apply the statute of limitations of the state statute most analogous to the federal statute. *Clark v. Musick,* 623 F.2d 89, 90 (9th Cir.1980); *Leh v. General Petroleum Corp.,* 330 F.2d 288, 290 (9th Cir.1964), *rev'd on other grounds,* 382 U.S. 54, 86 S.Ct. 203, 15 L.Ed.2d 134 (1965).

The most analogous statute in this case, the California Farm Labor Contractors Act, Cal.Lab.Code §§ 1682–1699 (West 1982), also fails to contain a limitations provision. Accordingly, the district court looked to the general statute of limitations provisions of the California Code of Civil Procedure. It utilized section 340(1) which provides for a one year limitations period in "[a]n action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation." Because appellants filed their complaint more than one year and three months after the acts giving rise to the alleged violation, the district court concluded that the suit was time-barred.

Appellants contend that the limitations provision of section 338(1) of the California Code of Civil Procedure, should be applied in this case rather than the limitation provision of section 340(1). Section 338(1) provides a three-year limitation in "[a]n action upon a liability created by statute, other than a penalty or forfeiture."

In determining whether plaintiffs' cause of action is one for damages or to enforce a penalty, we are guided by California's own interpretation of its law relevant to this issue. *Leh v. General Petroleum Corp.,* 330 F.2d 288, 290 (9th Cir.1964), *rev'd on other grounds,* 382 U.S. 54, 86 S.Ct. 203, 15

L.Ed.2d 134 (1965); *see Clark v. Musick,* 623 F.2d 89, 91 (9th Cir.1980). In interpreting a state law a federal court determines how the highest court of that state would decide the question. *See Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); *Hillery v. Rushen,* 720 F.2d 1132, 1138 (9th Cir.1983). An examination of the statutes at issue in this appeal and the most recent California cases on the subject lead us to conclude that California's highest court would properly characterize this action as a private suit for damages subject to the three year limitation of section 338(1).

Appellants urge that the applicable test for determining whether an action is penal in nature is the one first set forth by the United States Supreme Court in *Huntington v. Attrill,* 146 U.S. 657, 668, 13 S.Ct. 224, 228, 36 L.Ed. 1123 (1892):

The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual, according to the familiar classification of Blackstone: "Wrongs are divisible into two sorts or species: *private wrongs* and *public wrongs....* [T]he latter are a breach and violation of public rights and duties, which affect the whole community, considered as a community; and are distinguished by the harsher appellation of *crimes* and *misdemeanors."* 3 Bl.Com. 2.

We agree.

The *Huntington* test was recently applied by the California Court of Appeal in *Chavarria v. Superior Court of Fresno,* 40 Cal. App.3d 1073, 115 Cal.Rptr. 549 (1974). The issue in *Chavarria* was whether a suit for double damages under Cal.Lab.Code §§ 970 and 972 should be classified as a suit to

---

1. The Federal Farm Labor Contractor Registration Act, 7 U.S.C. §§ 2041–2053 was repealed by Act of Jan. 14, 1983, Pub.L. No. 97–470, § 523 96 Stat. 2600. The subject matter of this Act is now covered by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S. C.A. §§ 1801–1872 (1983). 29 U.S.C. § 1854 confers a private right of action on any person

aggrieved by a violation of this chapter. 29 U.S.C. § 1854(c) permits a federal court, upon a finding of an intentional violation of this chapter to award damages up to and including an amount equal to the amount of actual damages, or statutory damages up to $500 per plaintiff per violation.

enforce a penalty.[2] The court held it should not, and that under the *Huntington* criteria plaintiffs were simply seeking to enforce a liability, because theirs was a private suit to redress a private wrong. The *Huntington* test was also applied by the California Court of Appeal in *Farmers and Merchants Trust v. Madeira*, 261 Cal.App.2d 503, 68 Cal.Rptr. 184 (1968) where the court concluded that an action to enforce a Pennsylvania order for child support was civil in nature even though the action was brought by the Commonwealth of Pennsylvania. The court reasoned that the remedy was intended primarily to protect wives and children rather than to punish a defendant for an offense committed against the public.[3]

Moreover, in *Culver v. Bell & Loffland*, 146 F.2d 29 (9th Cir.1944), we applied the *Huntington* test in determining whether a law was penal or remedial under California law. In *Culver* we determined that plaintiffs' suit to recover overtime wages and liquidated damages as provided in § 16 of the Fair Labor Standards Act, 29 U.S.C.A. § 216 (West 1976 and Supp.V 1981), was not penal in nature. Despite the fact that the statute provided for liquidated damages, we applied the three year period of Cal.Civ.Proc.Code § 338 (West 1982) rather than the one year period of section 340. Citing to *Huntington* and *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 583, 62 S.Ct. 1216, 1223, 86 L.Ed. 1682 (1942) we said "[t]he liquidated damages for failure to pay the minimum wages under sections 6(a) and 7(a) ... are compensation, not a penalty or punishment by the Government.... The retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Culver*, 146 F.2d at 31 (citations omitted). *Accord Schinkal v. United States*, 225 F.2d 882 (9th Cir.1955) (action for treble damages held to be remedial in nature). *But cf., Leh v. General Petroleum Corp.*, 330 F.2d 288 (9th Cir.1964) *reh'g denied*, 382 U.S. 1001, 86 S.Ct. 525, 15 L.Ed.2d 491 (1966) (federal antitrust action held to be penal).

■ Here too, the damages involved may be obscure and difficult to prove. The Fed-

---

**2.** Cal.Lab.Code § 970 (West 1971), makes it illegal to induce a person to move from one place to another for purposes of working by means of false representations and Cal.Lab. Code § 973 (West 1971) states in part that "... any person, ... who violates any provision of section 970 is liable to the party aggrieved, in a civil action, for double damages resulting from such representations."

**3.** Appellee cites several earlier California cases which do not cite to the *Huntington* rule. These cases are, however, in accord with the basic principles of that case. *County of San Diego v. Milotz*, 46 Cal.2d 761, 300 P.2d 1 (1956), is a suit by the county against a court reporter, the county auditor and the auditor's bonding companies to enforce a statutory penalty that allows the county to recover one half the fees paid if the court transcripts are not timely filed. Consistent with the *Huntington* principles, the court ruled this to be a penal suit. Likewise, in *Department of Social Welfare State of California v. Stauffer*, 56 Cal. App.2d 699, 133 P.2d 692 (1943), the California Court of Appeal ruled that a suit by a *state agency* against the estate of a deceased welfare recipient for failing to reveal property or income in excess of the limit entitling the recipient to relief was penal in nature. The most recent California case on this point is *Myers v.*

*Eastwood Care Center, Inc.*, 31 Cal.3d 628, 645 P.2d 1218, 183 Cal.Rptr. 386, (1982). While the court did not cite to *Huntington*, the holding there is fully consistent with that rule. The action was brought by the Attorney General on behalf of Beverlee A. Myers as Director of the State Department of Health Services. The penalties she sought to enforce were penalties "to the people of this state." Accordingly, the Supreme Court of California concluded that the one year limitation period of Cal.Civ.Proc. § 340 (West 1982) applied. *Hansen v. Vallejo Electric Light*, 182 Cal. 492, 188 P. 999 (1920), is the only case cited by the appellee which may be inconsistent with the *Huntington* rule. In *Hansen*, the court concluded that a statute which required an electric company to pay the applicant fifty dollars as liquidated damages when the company negligently fails to provide power and five dollars each day that neglect continues was a penalty because "the provision may not fairly be construed as an attempt on the part of the legislature to merely establish a rule as to the measure of actual damages in such cases, in view of the fact that the specified recovery is authorized without any reference to the question of actual damage." *Id.* at 496, 188 P. 999. To the extent that *Hansen* may not be consistent with the *Huntington* rule, it appears to have been superseded by later California case law.

eral Farm Labor Contractor Registration Act permits a plaintiff to recover "damages up to and including an amount equal to the amount of actual damages, or statutory damages up to $500 per plaintiff per violation or other equitable relief" upon a finding of an intentional violation. 7 U.S.C. § 2050a (current version at 29 U.S.C.A. § 1854(c) (West Supp.1976–82)). It would appear that Congress was aware of the difficulty a plaintiff might encounter in measuring damages suffered under this statute and provided a measure of relief in such instances by permitting the award of actual or statutory damages.[4] That Congress did so in no way detracts from the fact that the provision for damages contemplates "compensation, not a penalty or punishment by the Government." *Culver,* 146 F.2d at 31.

The analogous California Farm Labor Contractor Registration Act, Cal.Lab.Code § 1697(b) (West 1983) provides that "[a]ny employee aggrieved by any violation of this chapter ... [may] [b]ring a civil action for injunctive relief or damages, or both, against the farm labor contractor and, upon prevailing, shall recover reasonable attorney's fees." The language of the state statute makes clear the intent of the California legislature to afford compensation to victims of violations of the statute through the award of damages. Since the state statute was adopted first, and the federal statute is substantially similar, our conclusion that the federal statute is remedial in nature finds some support in the fact that such was the clear purpose of the state statute.

Applying the *Huntington* test, we hold that appellant's suit under both the Federal Farm Labor Contractors Registration Act and the California Farm Labor Contractor Registration Act is remedial in nature and therefore subject in each instance to the three year statute of limitations provision of Cal.Civ.Proc. § 338(1) (West 1982). Accordingly, we reverse the

district court's ruling that the complaint is time-barred and remand for further proceedings.

**REVERSED AND REMANDED.**

---

**4.** For an interesting discussion of statutory damages in the context of copyright *see* 17 U.S.C. § 504(c) (1982) Historical Note; Notes of House Committee on the Judiciary. Statutory damages as an alternative to actual damages were provided for in the copyright statute because actual damages are often uncertain, or difficult to establish. *See e.g., Toksvig v. Bruce Pub. Co.,* 181 F.2d 664 (7th Cir.1950).