**Violet DAVIS and Malcolm H. Davis, Jr., Plaintiffs,**

v.

**WIND SONG LIMITED, et al., Defendants.**

**No. C92–1362R.**

United States District Court, W.D. Washington.

Nov. 23, 1992.

Antonio R. Salazar, Seattle, WA, John W. Palisin, Houston, TX, for plaintiffs.

Patrick G. Middleton, Bliss Riordan, Seattle, WA, for defendants.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' REQUESTS FOR LEAVE TO AMEND THEIR COMPLAINT AND FOR ADDITIONAL DISCOVERY

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on defendants' motion for summary judgment. Having reviewed all papers filed in support and in opposition, and being fully advised, the court finds and rules as follows:

## I. BACKGROUND

The following facts are alleged in plaintiffs' complaint. On September 2, 1989, plaintiff Violet Davis boarded defendant vessel WINDSONG in Papeete, Tahiti for a seven-day cruise. On or about September 3, 1989, Mrs. Davis left the ship to participate in an activity known as the Banana raft ride which was provided as part of the cruise. Once Mrs. Davis and other passengers were seated on the Banana raft, a motor boat which was operated by agents and/or employees of defendant Windstar Sail Cruises Limited (WSCL) began to tow the raft. The raft became unstable and flipped over, throwing Mrs. Davis and the others into the water. Mrs. Davis received a blow to the head and neck causing the injuries which led to the filing of this suit.

The on-board physician treated Mrs. Davis and informed her that her injuries were minor. Mrs. Davis, however, continued to experience pain and in December of 1989 she saw Dr. Philip Peter, M.D., in Houston, Texas. Mrs. Davis was subsequently admitted to St. Luke's Hospital where she underwent surgery.

Between January 26, 1990 and August 9, 1990, Mrs. Davis received regular correspondence and payments for medical expenses from Karin–Maria Queen, the Risk Management Administrator for defendant WSCL. The record reflects that Mrs. Davis wrote letters to Ms. Queen until January 15, 1991. However, after September 11, 1990, there is no record of reply from Ms. Queen or any other representative of defendants.

In April of 1991, Mrs. Davis became concerned that defendants were avoiding their responsibility for her injury and she subsequently sought legal assistance from the Texas law firm of Brown, Hayden, Brown & Palisin. It wasn't until then that Mrs. Davis and her attorney discovered the contract and the one-year limitation provision inside Mrs. Davis' perforated and stapled cruise ticket. Affidavit of Violet Davis, 4:15–17. Mr. Horace F. Brown, Jr., of the Texas firm, stated in his affidavit that between April of 1991, and August 1992, he attempted to locate a Washington firm to

handle the matter for Mrs. Davis but was unsuccessful because of the statute of limitations problem. Affidavit of Horace F. Brown, Jr., 7:20–23; 8:1–2. Mr. Brown's firm continues to represent Mrs. Davis to date, along with Washington Attorney Antonio Salazar.

Defendants Holland America Line–Westours Inc. (HALW), Holland America Line Inc. (HAL), and WSCL bring their motion for summary judgment asserting that Mrs. Davis' claim is time-barred by the one year provision in the cruise contract, and that in any event HALW and HAL are not proper defendants in this suit.

## II.  DISCUSSION

### A.  *Standard of Review*

Summary judgment is appropriate if it appears, after viewing the evidence in the light most favorable to the moving party, that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Association,* 809 F.2d 626, 630–31 (9th Cir.1987); *Lew v. Kona Hospital,* 754 F.2d 1420, 1423 (9th Cir.1985). Summary judgment is not appropriate if "a result other than that proposed by the moving party is possible under the facts and applicable law." *See Aronsen v. Crown Zellerbach,* 662 F.2d 584, 591 (9th Cir.1981), *cert. denied,* 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431. To withstand a motion for summary judgment, the nonmoving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

### B.  *One–Year Limitation in Cruise Contract*

■ In response to defendants' time-bar claim, plaintiffs' argue that they did not have reasonable notice of the one-year limitation provision in the contract. They contend that because the agreement was sealed within a perforated envelope and stapled together it was impossible to discover the contract and its limiting terms.

Plaintiffs' argument is not persuasive. The Ninth Circuit employs the two-pronged "reasonable communicativeness" test to determine if the terms and conditions of a ticket/contract have been "reasonably communicated" to the passenger. *Deiro v. American Airlines, Inc.,* 816 F.2d 1360 (9th Cir.1987). Under the first prong, the court must look at the physical characteristics of the ticket/contract, "[f]eatures such as size of type, conspicuousness and clarity of notice on the face of the ticket, and the ease with which a passenger can read the provisions in question." *Id.* at 1364.

The jacket on Mrs. Davis' ticket contains the words "PASSAGE CONTRACT TICKET" in large bold uppercase letters near the left center portion of the jacket. In smaller uppercase letters near the bottom right side of the jacket are the words "PLEASE READ THE TERMS AND CONDITIONS OF THE CONTRACT". After removing the green and yellow copies of a cruise ticket which has been provided by defendants, the court has a copy of what Mrs. Davis received from her travel agent. The middle portion of the ticket/contract, which is removed upon embarkation, contains the words "Cruise Contract" in bold type near the upper right-side of the ticket/contract. Near the bottom center portion of the ticket/contract are the words "Important Notice to Passengers" in bold type and the words "Issued Subject To The Terms and Conditions on Pages 1 through 3".

The court finds that the first prong of the test has been met by defendants' ticket/contract. The size of type, the bold print and the frequent use of uppercase letters in conspicuous spots all lend themselves to clarity of notice. Although the center portion of the ticket/contract is removed upon embarkation, Mrs. Davis had an opportunity to take notice of the information prior to boarding. Additionally, she retained the jacket and the remaining copies of the ticket, all of which indicate the existence of the contract.

The second prong of the reasonable communicativeness test is more subjective in nature. It requires the court to consider "the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract." *Deiro v. American Airlines, Inc.*, at 1364. The surrounding circumstances to be considered include the passenger's familiarity with the ticket, the time and incentive under the circumstances to study the provisions of the ticket, and any other notice that the passenger received outside of the ticket. The court notes that Mrs. Davis retains possession of the ticket/contract to this date. While it is clear that she was not familiar with the contract until April of 1991, it is equally clear that she had both the time and the incentive to study the contract following her injury.

Plaintiffs assert that the perforated and stapled contract was disguised as a single page of the cruise ticket. This argument, however, is unpersuasive. The existence of perforated edges suggests the presence of at least two pages that have been joined. The fact that the ticket/contract contained staples further suggests the existence of more than one page. Staples are used to attach at least two items. It would have been a relatively simple matter to open the perforated edges, remove the staples, and expose the contract within. The court notes further that Mrs. Davis never requested a copy of the contract from defendants. This would be a basic step for someone in Mrs. Davis' situation who believed that she did not have access to her contract. Both prongs of the reasonable communicativeness test have been met. Accordingly, the court finds that notice of the contract and its terms was reasonably communicated.

Even if this court had determined that notice was deficient, that deficiency would have been cured as of April 1991, the date when Mrs. Davis, by her own admission, had actual knowledge of the contract and its limiting terms. Yet, even after receiving actual notice, Mrs. Davis failed to bring this action until August of 1992, sixteen months after the discovery of the one-year limitation.

Plaintiffs argue that even if notice was proper, defendants' deceptive conduct prevented plaintiffs from filing this suit within the proper time period. Plaintiffs contend that they relied on Ms. Queen's promises to pay future medical bills and that such promises were designed solely to prevent plaintiffs from fully exploring their contract rights. Therefore, according to plaintiffs, defendants should be estopped from raising the one-year limitation defense. A review of Ms. Queen's letters to Mrs. Davis indicate a willingness to pay only for plaintiff's out-of-pocket medical expenses. Nowhere does the court find any mention of a settlement offer or a promise to make payments beyond the one-year period. The court finds no intent to deprive plaintiffs of their legal rights under the contract and thus no basis for estoppel.

Furthermore, even if the court had found an intent to deceive, estoppel would not operate as a permanent bar to the one-year provision. "Once the circumstances inducing reliance are exposed, the plaintiff's obligation to timely file is reimposed." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1324 (11th Cir.1989); *See also, Stitt v. Williams*, 919 F.2d 516 (9th Cir.1990). Plaintiffs waited nearly two years after the final correspondence from Ms. Queen to bring this action. The court notes plaintiffs' difficulty in obtaining counsel in this state. However, this difficulty is insufficient grounds to extend the period of defendants' liability. Furthermore, it does not account for the sixteen month delay between the date when plaintiffs first obtained counsel, and the date they finally filed suit in this court.

Plaintiffs' final substantive argument is that if this court finds either that plaintiffs did not receive reasonable notice of the one-year provision, or that estoppel applies against defendants, then the one-year limitation period is eliminated and the three-year period provided by Congress controls. However, in light of the court's finding that notice was adequate, and that no grounds for estoppel exist, the court does not reach this issue.

C. *Plaintiffs' Request for Leave to Amend the Complaint*

 Plaintiffs argue procedurally that because defendants have never filed an answer they have failed to properly plead their affirmative time-bar defense. They contend that if this court recognizes defendants' affirmative defense as being properly pled, the court should grant plaintiffs leave to amend their complaint. This argument is without merit. It is well settled in the Ninth Circuit that absent a showing of prejudice an affirmative defense can properly be pled for the first time in a summary judgment motion. *Rivera v. Anaya,* 726 F.2d 564, 566 (9th Cir.1984). Plaintiffs have not been prejudiced by defendants raising the affirmative defense in their motion for summary judgment. Plaintiffs had an opportunity to respond to the affirmative defense and did so. The court has been formally briefed by both parties on the issue and has entered its findings. None of these findings would be altered by granting plaintiffs' request for leave to amend. Accordingly, plaintiffs' request is denied.

In light of the court's findings, plaintiffs' request for additional discovery to determine the relationship, if any, between HALW, HAL, and WSCL is denied.

### III.  CONCLUSION

It is hereby ORDERED, ADJUDGED and DECREED that:

(1) defendants' motion for summary judgment is GRANTED;

(2) plaintiffs' request for leave to amend is DENIED;

(3) plaintiffs' request for additional discovery is DENIED; and

(4) plaintiffs' request for oral argument is WAIVED.[1]

---

1. Plaintiffs' counsel, having been informed by the court that oral argument was not necessary to enhance the court's understanding of the no-

tice issue, advised the court that oral argument was waived.