Terrence Edward SHOOTS, Petitioner—Appellant,

v.

Anthony LAMARQUE, Warden, Respondent—Appellee.

No. 01–16962.

D.C. No. CV–00–01170–DAD.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

Terrence Edward Shoots, pro se, Vacaville, CA, for Petitioner–Appellant.

Judy Kaida, Deputy Atty. Gen., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM**

California state prisoner Terrence Edward Shoots appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition, challenging his convictions after nolo contendre pleas for robbery and attempted robbery with personal use of firearm, and violation of probation. The

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

district court dismissed the petition as untimely under 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Shoots' conviction became final on December 22, 1997, so his federal petition, filed on May 26, 2000, is untimely absent tolling of the one-year Anti–Terrorism and Effective Death Penalty Act ("AEDPA") statute of limitations. Shoots contends that he is entitled to equitable tolling because of limited access to the law library caused by protracted lockdowns at his prison and a policy denying prisoners access to the law library during work and education hours. He fails, however, to establish how any limited access to the law library hindered his ability to timely file his federal petition. *See Miles,* 187 F.3d at 1107.

Shoots also contends that a lack of trained legal assistants denied him meaningful access to the courts, therefore creating an extraordinary circumstance warranting equitable tolling. His claim is unpersuasive. *See Lewis v. Casey,* 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (concluding that a state need not provide legal assistants and law clerks to ensure meaningful access to courts).

As Shoots fails to demonstrate that extraordinary circumstances beyond his control prevented him from timely filing his petition, the district court properly dismissed his petition as time-barred.[1] *See*

*Miles,* 187 F.3d at 1107; 28 U.S.C. § 2244(d).

**AFFIRMED.**

---

1. Shoots contends that respondent waived the statute of limitations defense by not raising it in respondent's first motion to dismiss, although the defense was raised in a second motion to dismiss. Shoots had adequate notice and opportunity to respond, and he does not claim that he was prejudiced. *See Rivera v. Anaya,* 726 F.2d 564, 566 (9th Cir.1984). Accordingly, we reject Shoots' contention.

