**Michael E. HART, Plaintiff–Appellant,**

v.

**Craig FARWELL; et al., Defendants–Appellees.**

No. 07–16549.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 6, 2009.

Michael E. Hart, Lovelock, NV, pro se.

Susan K. Stewart, Esquire, Deputy Attorney General, AGNV–Office of The Ne-

vada Attorney General, Carson City, NV, for Defendants–Appellees.

Before BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Michael E. Hart appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights by instituting lockdowns more frequently in the prison's protective segregation unit than among the general population. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006), and we affirm.

The district court properly granted summary judgment on Hart's equal protection claim because, even assuming there were more lockdowns in the protected segregation unit than among the general population, Hart failed to present evidence that defendants' actions were not reasonably related to a legitimate penological interest or that the two groups of prisoners were similarly situated. *See Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."); *Jordan v. Gardner*, 986 F.2d 1521, 1530 (9th Cir.1993) (noting application of *Turner* standard to equal protection claim); *see also Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir.2005)

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("[D]ifferent treatment of unlike groups does not support an equal protection claim.").

The district court properly granted summary judgment on Hart's free exercise claim because Hart failed to exhaust his administrative remedies and defendants raised this defense in their motion for summary judgment. *See* 42 U.S.C. § 1997e(a) (requiring a prisoner to exhaust administrative remedies before bringing a § 1983 action); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir.1984) ("[A]bsent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time.").

The district court did not abuse its discretion by denying Hart's motion to compel interrogatory responses because he failed to demonstrate that he suffered prejudice from the denial. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002) (explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation omitted)).

Hart's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.