NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH DAY, | No. 16-15607 |
| Plaintiff-Appellant, | D.C. No. 4:11-cv-00186-CKJ |
| v. | |
| LSI CORPORATION, FKA LSI Logic Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted August 11, 2017**
Pasadena, California

Before: FARRIS, CALLAHAN, and OWENS, Circuit Judges.

Plaintiff Kenneth Day appeals from the district court's grant of summary

judgment to Day's former employer, Defendant LSI Corporation, on breach of

contract, discrimination, retaliation, and other employment related claims. As the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. First, Day argues that LSI waived its statute of limitations affirmative defense by not raising it until its motion for summary judgment. But an affirmative defense may be first asserted in a motion for summary judgment as long as there was not prejudice to the plaintiff. *See Rivera v. Anaya*, 726 F.2d 564, 565 (9th Cir. 1984) (affirming district court's grant of partial summary judgment wherein the defendant's "failure to raise the statute of limitations as a defense in response to the first pleading did not serve to waive his right to raise it later absent prejudice to plaintiffs"). Day had almost three years of notice on LSI's arguments regarding the statute of limitations and never responded to the arguments when he eventually opposed summary judgment. Thus, he cannot show that he was prejudiced. Furthermore, as Day did not respond to LSI's statute of limitations argument in the district court and raises this challenge for the first time on appeal, he has waived the argument. *See Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1110 (9th Cir. 2010). Accordingly, the district court correctly held that the statute of limitations barred Day's breach of contract claim with respect to the promotion to Vice President or Fellow, breach of implied covenant of good faith and fair dealing claim, and claim regarding the 30,000 stock grant.

2. Second, Day alleged under Title VII of the Civil Rights Act, 42 U.S.C.

2

§ 2000e, that LSI intentionally discriminated against him by demoting him, attempting to force him to quit his job, making him report to one of his previous employees, and failing to investigate complaints of discriminatory comments.

With respect to Day's alleged discrete acts of discrimination, the district court held that Day established a *prima facie* case of discrimination because there was a genuine dispute as to whether Day suffered an adverse action, as Day's reassignment to a new position reporting to a former employee could represent a demotion. But Day does not succeed in establishing his claim for discrimination based on this act because LSI had a legitimate, nondiscriminatory reason for demoting Day – declining business conditions and a hiring freeze. We have held that "[i]n response to the defendant's offer of nondiscriminatory reasons, the plaintiff must produce 'specific, substantial evidence of pretext.'" *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994) (citation omitted). Day failed to provide evidence that LSI's purported reasons for this adverse action were pretext. Therefore, the district court correctly held that Day could not prevail on his discrimination claim based on discrete discriminatory acts.

With respect to Day's hostile work environment claim, the district court properly considered whether "the conversation with Huber, the stripping of Day's job duties and supervisory roles without any explanation or justification, and the disputes between LSI and Day regarding the bonus and stock decisions and Vice

President title" were sufficiently severe or pervasive. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002). The circumstances Day alleges contributed to a hostile work environment do not rise to the level of "severe or pervasive" conditions. Accordingly, the district court properly addressed Day's hostile work environment claim and properly granted summary judgment to LSI.

With respect to Day's retaliation claim, the district court granted summary judgment because there was no evidence that LSI took any adverse action against Day after he reported the alleged discriminatory conduct. Day does not challenge this finding on appeal. Accordingly, the district court properly granted summary judgment on Day's retaliation claim.[1]

3. Finally, Day argues that LSI destroyed relevant documents and that this spoliation of evidence warrants a reversal of the district court's summary judgment. Day fails to demonstrate that the district court abused its discretion in ultimately determining that a monetary sanction was sufficient, and vacating its prior order imposing a default judgment on one claim and adverse inference jury instructions on the rest of the claims. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). Accordingly, the district court did not abuse its discretion in not issuing harsher sanctions for LSI's spoliation.

---

[1] We reject Day's argument that the district court erred by determining that his discrimination and retaliation claims arose only under federal law, and not also under Arizona state law.

4

**AFFIRMED.**