**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLLEGESOURCE, INC., a California corporation,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>ACADEMYONE, INC., a Pennsylvania corporation,<br><br>       Defendant-Appellee. | No.   15-56994<br><br>D.C. No.<br>3:08-cv-01987-GPC-MDD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted September 1, 2017[**]
Pasadena, California

Before: WARDLAW and BYBEE, Circuit Judges, and BARTLE,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Harvey Bartle III, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

CollegeSource, Inc. ("CollegeSource") appeals the district court's grant of summary judgment on res judicata grounds in AcademyOne, Inc.'s ("AcademyOne") favor. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1.      The district court correctly decided that AcademyOne did not waive its res judicata defense by failing to plead it in its Answer. AcademyOne did not waive its preclusion defense by raising it for the first time on summary judgment because the preclusive judgment had not been rendered when the Answer was filed, and AcademyOne raised the defense as soon as it became available. *See Sanchez v. City of Santa Ana*, 915 F.2d 424, 432 (9th Cir. 1990). "[D]efendants may raise an affirmative defense for the first time in a motion for summary judgment . . . if the delay does not prejudice the plaintiff." *Magana v. Commonwealth of the N. Mar. I.*, 107 F.3d 1436, 1446 (9th Cir. 1997); *see also*

---

[1]   CollegeSource asks us to take judicial notice of documents filed before the Third Circuit and evidence presented to the Pennsylvania district court. We may properly take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). We therefore GRANT CollegeSource's Motion to Take Judicial Notice of Documents in Third Circuit Appendix, Corrected Motion to Take Judicial Notice of Third Circuit Docket Filings, and Motion to Take Judicial Notice of Highlighted Lists of Catalogs in Evidence. CollegeSource's Motion to Take Judicial Notice of Third Circuit Docket Filings is DENIED as moot because CollegeSource later filed a corrected version of this motion, which we are granting.

*Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984). Moreover, AcademyOne informed CollegeSource numerous times during proceedings in California and Pennsylvania that it intended to raise a res judicata defense, and thus CollegeSource was not prejudiced by AcademyOne's assertion of the defense at summary judgment.

**2.** The district court correctly put the burden on CollegeSource to prove that it lacked a full and fair opportunity to litigate in the Pennsylvania Action and correctly concluded that CollegeSource failed to meet its burden. A "full and fair opportunity to litigate" is not an element of claim preclusion but rather may be proven by the party seeking to avoid the preclusive effect of a prior judgment. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480–81 (1982); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Although the district court applied the more rigorous standard articulated in *Blonder-Tongue Laboratories v. University of Illinois Foundation*, 402 U.S. 313, 333 (1971), to assess whether CollegeSource had a full and fair opportunity to litigate in the Pennsylvania Action, *Kremer*'s due process standard is more appropriate here. *See Kremer*, 456 U.S. at 480–81; *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 606 (9th Cir. 1986) ("The Court stated that in the context of claim preclusion, a party has had a full and fair opportunity to litigate if

3

the procedures provided meet the requirements of the Due Process Clause of the Fourteenth Amendment."). Under either standard, however, CollegeSource had a full and fair opportunity to litigate in the Pennsylvania Action because it was provided with sufficient procedural opportunities to bring and support its claims through and including appellate review.

3.    The district court correctly determined that the judgment in the Pennsylvania Action precluded CollegeSource from continuing to litigate its misappropriation and California statutory claims in the California Action, even though CollegeSource did not present those claims to the Pennsylvania district court. CollegeSource offers various reasons why it "could not have brought" the misappropriation and statutory claims in the Pennsylvania Action but misses the basic point that those claims arise from the same transactional nucleus of fact as the claims CollegeSource raised in the Pennsylvania Action. *See Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917–19 (9th Cir. 2012); *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151–52 (9th Cir. 2011) (identifying the "true inquiry" as whether the claims arise from the same transactional nucleus of fact, not whether the unasserted claims would have succeeded if brought in the first forum). Moreover, allowing the California Action to proceed would force AcademyOne to relitigate rights that it

4

had already secured in the Pennsylvania Action. *See id.* CollegeSource is not entitled to a second bite at the apple.

**4.** The district court did not abuse its discretion by denying CollegeSource's request for materials considered by AcademyOne's expert in support of its opposition to CollegeSource's terminated motion. "[A] decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal quotation marks omitted). Parties are entitled to discovery of only material that is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Because CollegeSource sought expert materials that were no longer relevant to any claims or defenses in the California Action, the district court properly denied its discovery motion.

**5.** The district court correctly concluded that CollegeSource did not have a Seventh Amendment right to a jury trial on the question of res judicata. "The judge decides questions of law; the jury, questions of fact." *Sparf v. United States*, 156 U.S. 51, 89 (1895). "The preclusive effect of a judgment in a prior case presents a mixed question of law and fact in which the legal issues predominate." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). CollegeSource

5

neither provides any legal authority for its position that juries have a role to play in determining the application of res judicata nor points to any question of fact appropriate to be determined by a jury.

**AFFIRMED.**