**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSHUA DAVID MELLBERG LLC,
DBA JD Mellberg Financial, an Arizona
limited liability company; JOSHUA
DAVID MELLBERG, an individual,

            Plaintiffs-counter-
            defendants-Appellants,

  v.

JOVAN WILL, an individual; TREE
FINE, an individual; FERNANDO
GODINEZ; CARLY URETZ,

            Defendants-Appellees,

IMPACT PARTNERSHIP LLC, a Georgia
limited liability company,

            Defendant-counter-claimant-
            Appellee,

 and

JOHN STEVE ARECO; JANE DOE
ARECO; JANE DOE GODINEZ;
PATRICIA LATHAM; JOHN DOE
LATHAM; JOHN DOE URETZ,

No.   20-16215

D.C. No.
4:14-cv-02025-CKJ-LCK

MEMORANDUM[*]

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Defendants.

JOSHUA DAVID MELLBERG LLC, DBA JD Mellberg Financial, an Arizona limited liability company; JOSHUA DAVID MELLBERG, an individual,

Plaintiffs-counter-defendants-Appellees,

v.

JOVAN WILL, an individual; TREE FINE, an individual; FERNANDO GODINEZ; CARLY URETZ; JOHN STEVE ARECO; JANE DOE ARECO; JANE DOE GODINEZ; PATRICIA LATHAM; JOHN DOE LATHAM; JOHN DOE URETZ,

Defendants,

and

IMPACT PARTNERSHIP LLC, a Georgia limited liability company,

Defendant-counter-claimant-Appellant.

No.  20-16216

D.C. No.
4:14-cv-02025-CKJ-LCK

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted September 1, 2021
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

Appellants Joshua Mellberg and his company, Joshua David Mellberg, LLC (JDM) filed this action against former employees and their company, Impact, for misappropriation of trade secrets, and unjust enrichment. The district court granted summary judgment to defendants and we affirm. We also affirm the district court's grant of summary judgment to plaintiffs on defendants' counterclaim.

Summary judgment was appropriate on the trade secret claim because plaintiffs failed to establish defendants' conduct caused any damages. To support their claim of monetary loss in excess of $16 million from the loss of the trade secrets, plaintiffs offered the expert opinion of Lynton Kotzin. His opinion assumed liability on the part of the defendants and opined only on the amount of damages. There was no evidence that defendants caused plaintiffs to lose possession of their trade secrets, or indeed that the information was no longer contained on plaintiffs' server network. Moreover, there was undisputed evidence that defendant Fine and one of plaintiffs' employees uploaded the data on Fine's computer to the plaintiffs' network in order to preserve it. There was thus no showing that defendants caused plaintiffs monetary damages from the loss of

3

trade secret data and summary judgment for the defendants was appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

With respect to the claim of unjust enrichment, plaintiffs had offered no damage calculation as of the time discovery closed. They offered a supplemental declaration from Mellberg a year late, and it represented no more than his lay opinion that defendants had been unjustly enriched by more than $27 million. The district court sanctioned plaintiffs by excluding the late damage calculation. This was within its discretion pursuant to FRCP 37 (c) (1), after it took into account the length of the delay and the prejudice it would cause. Rule 26a (1)(A)(iii) requires a computation of each category of damages and making available the supporting evidentiary material. It is not enough to rely on general allegations of the complaint, as plaintiffs attempt to argue on appeal. Fed. R. Civ. P. 26a(1)(A)(iii) (requiring "a computation of each category of damages claimed"); *see R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1243, 1246-47 (9th Cir. 2012).

There was also no abuse of discretion in the district court's denial of plaintiff's motion for sanctions for spoliation of evidence relating to the reformatting of defendants' computers. Because the plaintiffs could not prove damages in any event, the computers were no longer material and the spoliation claim was moot. Similarly, without a showing of harm requisite for success on the

4

merits, the plaintiffs were not entitled to permanent injunctive relief.  *See Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 (9th Cir. 2019).

Mellberg's claim against defendant Will relates to the alleged mishandling of funds belonging to the LLC, and was appropriately dismissed for failure to comply with the statutory requirements pertaining to derivative suits set forth in A.R.S. § 29-831(2)-(3).  The magistrate judge's decision to raise this issue *sua sponte* at summary judgment did not result in prejudice because Mellberg had the opportunity to respond in his supplemental briefing before the magistrate judge. *See Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984) ("[A]bsent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time").

Defendant Impact's counterclaim for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), was not supported by any sufficient showing of materiality.  *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

**AFFIRMED.**